D. S. Stewart, Attorney in fact of Elizabeth Stewart, *v* Wm. P. Jackson, and J. G. Lawson (Appellant), and T. M. Mitchell, subtenants.

> | 181 | 549 |
> | 23 SC | ²577 |

*Judgment—Ejectment—Lease—Landlord and tenant.*

A judgment by confession must be self sustaining on the record.

A lease contained a provision for entering an amicable action of ejectment with power of attorney to confess judgment in favor of the lessor and against the lessee or any subtenant, in the event of the nonpayment of the rent as it fell due. The lease was signed by the lessee alone. Judgment was entered against the lessee and a person in possession of the leased premises who was alleged to be a subtenant. *Held,* that the person in possession was subject to the terms of lease, yet as he had not signed the warrant of attorney there was nothing on the record to sustain the judgment against him.

Argued May 11, 1897. Appeal, No. 575, Jan. T., 1896, by J. G. Lawson, one of the defendants, from order of C. P. Fayette Co., March T., 1892, No. 276, discharging rule to strike off judgment. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Rule to strike off judgment. Before MESTREZAT, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in discharging rule to strike off judgment.

*Edward Campbell,* with him *R. P. Kennedy,* for appellant.— As Lawson did not sign the lease, there is nothing upon the record to sustain the judgment against him: Pantall v. Dickey, 123 Pa. 431; Allen v. Krips, 119 Pa. 1; 1 Freeman on Judgments, sec. 98; 1 Black on Judgments, sec. 212; Chambers v. Denie, 2 Pa. 421.

*A. D. Boyd,* of *Boyd & Umbel,* for appellee.

OPINION BY MR. JUSTICE FELL, May 27, 1897:

The plaintiff in this action of ejectment leased two hotel properties to W. P. Jackson, one of the defendants, for nine months from April 1, 1891, with an agreement that if the lessée held over after the expiration of the term he should become a tenant from year to year. J. G. Lawson, another of the de-

fendants and the appellant in this case, soon after the execution of the lease, entered into exclusive possession of one of the hotels, with the knowledge and consent of the lessor, but whether under an agreement with him or as a subtenant of Jackson is in dispute. The lease, which covered both hotels, contained a provision for entering an amicable action of ejectment with power of attorney to confess judgment in favor of the lessor and against the lessee or any subtenant, in the event of the nonpayment of the rent as it fell due. In February, 1892, an amicable action of ejectment was entered against Jackson, the lessee, Lawson, who occupied one of the hotels, and T. M. Mitchell, who occupied the other. Judgment was confessed against all three defendants by virtue of the warrant of attorney contained in the lease, which was signed by Jackson only, and an habere facias possessionem with a fieri facias for costs was issued against all three. The breach alleged was Jackson's failure to pay the rent reserved. On the application of Lawson a rule was granted to show cause why the judgment against him should not be struck off, which after hearing was discharged. The assignments of error relate to the order of the court discharging the rule.

We have then a judgment entered against three defendants on a warrant of attorney signed by one of them only. The only ground on which it is attempted to sustain the judgment against Lawson is that he was a subtenant and bound by the terms of the lease. It is true that if he was a subtenant he was subject to the terms of the lease between his lessor and the owner, and he could have been ejected by proceedings on a judgment entered against Jackson. There was full authority for entering a judgment against Jackson, and its enforcement would have turned out of possession every one claiming under him, but we find no authority for entering a judgment against Lawson. He had not signed the warrant of attorney, and his coming in as a subtenant gave no one authority to confess judgment against him. A judgment by confession must be self-sustaining on the record, and as there is nothing on this record to sustain a judgment against Lawson the rule to strike it off should have been made absolute.

The order of the court of December 3, 1894, is reversed, and the rule to show cause why the judgment entered against J. G. Lawson should not be struck off is made absolute.