## Perret, Appellant, *v.* Lepper.

*Execution—Decedents' estates—Real estate—Orphans' court sale.*

Where the defendant in a judgment has died, leaving personal property insufficient for the payment of his debts the plaintiff may enforce his lien against the decedent's estate by issuing execution out of the court in which the judgment was entered. The latter court, in the exercise of a sound discretion, may stay the execution so as to allow the sale to be made under the jurisdiction of the orphans' court, but it is not required to do so, and it will not do so of its own motion.

Argued Oct 29, 1909. Appeal, No. 121, Oct. T., 1909, by plaintiffs, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1905, No. 622, on verdict for defendant in case of Frederick Perret, trustee under the last will and testament of Frederick Perret, deceased, et al. v. Christian Lepper. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for land in the fourteenth ward of the city of Pittsburg. Before KENNEDY, P. J.

At the trial the following offer was made:

Counsel for defendant also offer in evidence the record

fi. fa. No. 172, January Term, 1905, being an execution on the judgment No. 844, January Term, 1905.

Objected to on the part of the plaintiffs in so far as it relates to the execution of the writ and the sheriff's return of the sale of the real estate; on the ground, first, that it is incompetent and irrelevant; second, as being an unlawful sheriff's sale of real estate, because there was not sufficient personal assets of decedent to pay the demands upon the decedent's estate; third, as being an unlawful sheriff's sale of real estate procured through the fraud and deceit of the plaintiffs in the judgment, who is the defendant in this eject-ment, in concealing from the court the fact that the personal assets of decedent's estate were insufficient to pay all just demand upon decedent's estate, when if such fact had been made known the court would have been required by law to stay all proceedings upon the execution until the executor should make application to the orphans' court for the sale of the real estate of decedent. It is further objected to unless followed by proof that the personal assets of decedent's estate were sufficient to pay all just demands against decedent's estate.

Objection overruled.

To which ruling of the court counsel for plaintiffs excepts.

Exception allowed and bill sealed. [8]

Plaintiffs presented this point:

1. That the personal assets of decedent's estate being in-sufficient to pay the just demands upon decedent's estate the court of common pleas had no jurisdiction to proceed to a sheriff's sale on the execution of the real estate of decedent, but the jurisdiction was in the orphans' court to decree a sale of the real estate of decedent to be made by the executor, and a sale by the sheriff of the real estate of decedent was unlawful and void. *Answer:* Refused. [1]

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned,* inter alia, were (1) refusal of plaintiffs' points; (7) in giving binding instructions for defendant; (8) ruling on evidence, quoting the bill of exceptions.

*Morton Hunter,* for appellants.—The common pleas court had no jurisdiction to sell decedent's real estate when the personal assets were insufficient to pay all just demands upon the decedent's estate: Everman's App., 67 Pa. 335; Hammett's App., 83 Pa. 392.

*W. H. S. Thomson,* with him *Frank Thomson,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 3, 1910:

The orphans' court may direct a sale of decedent's real estate for the payment of debts only where the personal assets are insufficient for that purpose; but the right of a judgment creditor to enforce his lien against such real estate, when obtained in the lifetime of the debtor, rests on no such condition. The court out of which the latter execution issues may stay the execution so as to allow the sale to be made under the jurisdiction of the orphans' court; but it is not required to do so. Whether it shall or shall not, rests entirely within the discretion of the court, having regard to the circumstances of the case. If it be made to appear that a stay will be without prejudice to the judgment creditor, and that other interests will likely be advantaged by a sale made through the orphans' court, a stay should be granted; if otherwise, there could be no occasion for interference. In any event the court having control of the execution cannot be expected to act of its own motion. The parties in interest, creditors or distributees, who think that they will be advantaged by a sale other than by the sheriff, may so represent to the court, and ask that the execution be stayed: Hammett's App., 83 Pa. 392. But if they remain silent and allow the execution to proceed to a sale, their opportunity to require an orphans' court sale is irrevocably lost. A sheriff's vendee under such sale acquires as good a title in every respect as would a vendee had the property been sold under an order of the orphans' court. This is but another way of saying the power of sale in the orphans' court is not exclusive. "If it be supposed that no sale by execution can ever be made on a judgment against an estate, after the death of the ancestor, it is a mistake. It can be always made

if there be no application to prevent it, and the title will be good:" Gamble v. Woods, 53 Pa. 158. The case calls for no further discussion. The assignments of error are overruled and the judgment affirmed.