## Ahern et al., Appellants, *v.* Standard Realty Co.

*Landlord and tenant—Lease—Warrant to confess judgment—Assignment of lease—Entry of judgment against assignee.*

Where a lease, containing a warrant for the confession of judgment against the lessee, is signed by the lessee, and subsequently the lessee assigns the lease to another who accepts it "according to its full tenor and effect," the lessor has no right to enter judgment against the assignee, on the warrant, inasmuch as the warrant signed by the original lessee was not the warrant of the assignee.

Submitted April 13, 1920. Appeal, No. 283, Jan. T., 1920, by plaintiffs, from order of C. P. Luzerne Co., Dec. T., 1919, No. 991, making absolute rule to strike off judgment in case of Emmy A. Ahern et al. v. Standard Realty Co. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Rule to strike off judgment.

From the record it appeared that, in 1912, M. J. Ahern, leased to William B. McGuire certain premises for a term of ten years. McGuire signed the lease, which contained this clause:

"The lessee doth hereby confess judgment for the sum of $21,875 dollars rent and liquidated damages aforesaid, with interest, attorney's commission of ten per

cent if collected by legal process, with the right to have execution for any one or more installments whenever a default shall occur, waiving inquisition and exemption."

Subsequently the lease, with the consent of the lessor, was assigned to the Standard Realty Company, and the lease was then endorsed as follows: "The Standard Realty Co. hereby accepts this lease according to its full tenor and effect." The lessors subsequently entered judgment against the assignee on the warrant contained in the lease.

The court made absolute a rule to strike off the judgment. Plaintiffs appealed.

*Error assigned* was order of court, quoting it.

*Frank P. Slattery,* for appellants.

*E. F. McGovern, Richard B. Sheridan* and *John T. Lenahan,* for appellee.

PER CURIAM, May 10, 1920:

The appellee is the assignee of a lease containing a warrant for the confession of judgment against the lessee for breach of its covenants. The assignment of it was accepted by the appellee "according to its full tenor and effect." In view of these words appellants claim the right to enter judgment against the appellee; but this overlooks the fact that it signed no warrant for the confession of judgment. The warrant to confess judgment given by the original lessee is not the warrant of the appellee, his successor, and the judgment entered against it was properly stricken off as not being self-sustaining: Stewart v. Jackson et al., 181 Pa. 549.

Appeal dismissed at the costs of the appellants.