## Girard Trust Co. *v.* Cosgrove et al., Appellants.

*Landlord and tenant—Lease—Subletting—Default by sublessee —Assignment of lease—Judgment in ejectment—Warrant of attorney to confess judgment.*

1. Where a lease contains a warrant of attorney to confess judgment in case of default, and provides for subletting if the lessor so consents, the lessor, in giving his consent, may impose such terms as he sees fit.

2. If the lessor stipulates that the sublessee shall perform all the terms of the lease, and agrees that if he shall do so an assignment shall be made to him at the end of two years, the lessor does not waive his right to enter judgment in case of default, and may enter such judgment against both lessee and sublessee, if the latter, before the expiration of the two years, violates the terms of the lease.

3. Otherwise the remedy expressly provided in the lease, is lost to the lessor, inasmuch as a judgment cannot be confessed against the assignee of a lease upon a warrant of attorney signed by his assignor.

4. The rule that where a tenant transfers the entire balance of his term it operates as an assignment, although designated a sublease, has no application to such a case.

Argued April 11, 1921. Appeal, No. 20, Oct. T., 1921, by defendants, from order of C. P. Somerset Co., Dec. T., 1920, No. 43, discharging rule to strike off judgment, in case of Girard Trust Co., substituted trustee under will of Frederick J. Anspach, deceased, v. A. K. Cosgrove et al., trading as Cosgrove & Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Rule to strike off judgment. Before BERKEY, P. J. The opinion of the Supreme Court states the facts. The court discharged the rule. Defendants appealed.

*Error assigned* was above order, quoting it.

*Philip N. Shettig,* with him *Edmund E. Kiernan* and *F. J. Hartmann,* for appellants.

*Joseph D. McCoy,* with him *Norman T. Boose* and *A. H. Wintersteen,* for appellee.

OPINION BY MR. JUSTICE WALLING, May 26, 1921:

In January, 1918, the parties hereto entered into a written agreement by which plaintiff leased to defendants a certain seam of coal in five tracts of land, located in Addison Township, Somerset County, for a term of fifteen years, with the usual mining rights as therein specified. The lease provides, inter alia, that, "Lessees shall not transfer this lease nor sublet, sell or transfer the whole or any part of the leased premises.......without the consent of lessor in writing first had and obtained"; and, for certain designated violations of the lease, further provides, "and lessees hereby authorize any attorney of any court of record in the Commonwealth of Pennsylvania to appear and confess judgment against them in an amicable action of ejectment for the premises herein described, and hereby authorize the immediate issuing and execution of a writ of habere facias possessionem," etc. In December, 1918, the lessor as party of the first part and the lessees as parties of the second part entered into an additonal agreement reciting, inter alia, the desire of the second parties to sublet the lease to Thomas F. Curry, and providing, "(1) That the party of the first part does hereby give its consent to the said sublease. (2) That the parties of the second part do hereby guarantee the true and faithful performance of the said agreement by the said Thomas F. Curry. (3) That in case the said Thomas F. Curry, shall have fully complied for a period of two (2) years with all the terms of said lease, the party of the first part agrees to release the parties of the second part and further agrees to a transfer of the said lease for the balance of its term, to said Thomas F. Curry." Thereupon Curry went into

possession of the demised premises, but in September, 1920, plaintiff by virtue of the judgment clause in the lease, and on averment of numerous breaches of the conditions thereof, caused judgment to be confessed against defendants for the demised premises, in an amicable action of ejectment, and issued a writ of possession. Whereupon defendants filed a petition denying any default and asking that the writ be stayed and judgment opened; upon which a rule to show cause was granted and proceedings stayed. Pending the consideration thereof, appellants obtained a rule to strike off the judgment, and, from an order discharging the same, brought this appeal.

Appellants urge the general rule that where a tenant transfers the entire balance of his term it operates as an assignment, although designated a sublease. The rule is sound but does not apply where, as here, the parties stipulate otherwise. No transfer was here possible except by consent of the landlord, which consent it might give on such terms as it saw fit: Springer v. Chicago Real Estate Loan Co., 202 Ill. 17. As we interpret the contract of December, 1918, plaintiff therein consents to the sublease to Curry in consideration of defendants' guarantee of his faithful performance of the terms of the lease for two years, and, upon compliance therewith, plaintiff agrees to a transfer of the lease for the balance of the term. The transfer, however, does not take place until the end of the two years, and then is dependent upon Curry's faithful performance meantime. There is nothing indicating an intent to discharge appellants from the lease during the two years; hence, plaintiff was well within its rights in confessing judgment in ejectment against them for default occurring therein. Otherwise that remedy, expressly provided in the lease, is lost to plaintiff; for a judgment cannot be confessed against the assignee of a lease upon a warrant signed by his assignor: Ahern v. Standard Realty Co., 267 Pa. 404; Stewart v. Jackson, 181 Pa. 549. Of course such judg-

ment can be confessed only in case of default, and that can be fully considered and passed upon on the pending rule to open the judgment. All we decide is that the record discloses nothing to warrant striking off the judgment.

The assignment of error is overruled and the order refusing to strike off the judgment is affirmed.