## Indiana Land and Improvement Co. v. Ferrier Run Coal Co.

*Landlord and tenant—Lease—Warrant to confess judgment—Assignment of lease.*

1. A judgment by confession must be self-sustaining on the record.

2. Where a lease containing a warrant for the confession of judgment against the lessee is signed by the lessee, and subsequently the lessee assigns the lease to a corporation, which, in a writing addressed to the lessor, accepts the assignment and assumes the responsibility of carrying out the conditions of the lease, the lessor has no right to enter judgment against the assignee on the warrant, inasmuch as the warrant signed by the original lessee was not the warrant of the assignee.

Rule to show cause.　C. P. Indiana Co., March T., 1924, No. 398.

*Fee & Tomb,* for plaintiff; *D. B. Taylor,* for defendant.

LANGHAM, P. J., July 31, 1924.—A judgment in an amicable action in ejectment having been entered by the plaintiff in the above stated case in the sum of $30,422.38, debt; $2358.99, interest, and $1521, attorney's commission, the defendant company petitioned the court for a rule to show cause why said judgment should not be stricken off, whereupon the rule was directed to issue. The proposition now before us is on the subject-matter of the rule which was argued by counsel.

The plaintiff's cause of action is for alleged unpaid rentals claimed to be due and owing the plaintiff by the defendant, growing out of an indenture of lease for "the exclusive right to mine to exhaustion all the merchantable and minable coal" underlying certain coal lands in Indiana County therein described, entered into between the Indiana Land and Improvement Company, lessors, and H. R. Griest and B. Frank Smith, lessees, dated May 28, 1917, which said indenture of lease was assigned by deed of assignment by the said H. R. Griest and B. Frank Smith to the Ferrier Run Coal Company, June 18, 1917, all of which papers have been duly recorded in the office for recording of deeds, &c., in Indiana County.

The amicable action in ejectment brought and judgment entered, it is contended by plaintiff, are by virtue of authority contained in said indenture of lease specifically set forth in sections 7 and 8 of article IV of said agreement. It is also provided in section 13 of said article as follows: "All the covenants and agreements of this lease shall inure to the benefit of, and be binding upon, the successors, heirs and *assigns of the lessors and the lessees, or either of them.*"

Section 5 of article IV is as follows: "That the lessees shall have the right and privilege of selling, setting over, transferring and assigning this lease, together with their estate therein, unto a proposed corporation which they and their associates are about to organize, to be called the "Ferrier Run Coal Company," but neither the lessees nor said Ferrier Run Coal Company shall have the right (except as aforesaid) to mortgage, assign, convey, lease, sublet or set over their estate, interest or rights in this lease, or any part thereof, without the written consent of the lessor first had and obtained."

Section 9 of article IV contains, *inter alia,* the following: "In case the lessees assign, set over and transfer this lease to the corporation which they propose to organize and to be called the 'Ferrier Run Coal Company,' then such notice from the lessor shall be served personally upon the president, vice-president, secretary, treasurer or general manager of said Ferrier Run Coal Company, or shall be forwarded to it by registered mail, directed to its office or principal place of business. In the event that the said lessees, or

their proposed assignee, the said Ferrier Run Coal Company, do not maintain an office or a principal place of business, then any such notice from the lessor may be served by posting five copies thereof in prominent places upon the leased premises."

It will be observed that only twenty-one days intervened between the execution of the lease between plaintiff and G. R. Griest and B. Frank Smith and the date of the deed of assignment to the defendant company. The references in the lease to the Ferrier Run Coal Company, together with the further references to the lessees and their "heirs and assigns," make it clearly evident that H. R. Griest and B. Frank Smith were acting as agents and trustees to hold the title to said leasehold until the completion or perfecting of the charter of incorporation of the Ferrier Run Coal Company. It further appears that H. R. Griest, one of the lessees, is secretary and treasurer of the Ferrier Run Coal Company, and is the petitioner in this proceeding to strike off the judgment.

On April 19, 1918, H. R. Griest and B. Frank Smith, by letter addressed to the Indiana Land and Improvement Company, gave notice of the assignment of the lease to the Ferrier Run Coal Company, and on the same date the Ferrier Run Coal Company, per W. C. Smith, president, gave notice to the Indiana Land and Improvement Company that it had accepted "the assignment of lease and assume[d] the responsibility of carrying out the provisions of said lease."

Section 8 of article IV contains, *inter alia*, the following provisions: "The lessor may, at its option, from time to time, issue a writ or writs of ejectment against the lessees, their heirs or assigns, for said leased premises, and, to the end that such ejectment may be effected, the lessees, for themselves, their heirs or assigns, do hereby authorize any attorney of any court of record of Pennsylvania to appear for them, in such suit or suits of ejectment, and confess judgment therein against them, and do hereby consent and agree that a writ or writs of *habere facias possessionem* may in that event forthwith be issued, with clause of *fieri facias* for costs and rentals in arrear, and be duly executed, so that thereby on such judgment or judgments and execution or executions thereon, the lessees, their employees and agents, heirs or assigns, shall be ousted from the possession of the leased premises, and the lessor be given full and exclusive possession of the same; the lessees, their heirs and assigns, do further, in that event, hereby waive and release all errors and every manner of benefit which they might otherwise have by reason of any errors or irregularties in any suits or judgments or executions brought, entered or issued under the terms hereof, hereby waiving the benefit of all exemption laws now in force or which may hereafter be enacted, and all the benefits of any laws giving stay of execution in any action or actions brought or judgments entered by virtue hereof: Provided, however, that neither any such termination of this lease nor the taking or recovering of possession of the leased premises herein provided shall deprive the lessor of any other action or actions, or right of action whatsoever, which it may have in law or equity, for the recovery of said leased premises, or for the collection of rents or royalties, or for the recovery of any damages which might or may accrue to it hereunder. The failure of the lessor to make demands on the lessees, their heirs or assigns, for the recovery of said premises hereby leased, in the event of the breaches of said covenants and conditions, or any of them, or for the payment of any sum or sums which may be due hereunder, shall not operate to estop the lessor from the benefit and advantages of any and all of the provisions of this lease, or of any of its lawful rights and remedies, and a

waiver by the lessor of any particular cause of forfeiture shall not prevent the forfeiture of this lease for any other cause of forfeiture, or for the same cause occurring at another time."

The plaintiff relies upon the foregoing as authority for the power of attorney to appear for the defendant company and confess judgment against it for the premises described in the writ, and also for the power of attorney to confess judgment against the said defendant company for the aggregate sum of $34,297.37.

The defendant company denies the right and power of plaintiff to proceed against defendant, for the reason that the plaintiff has not complied with the terms and conditions of the lease which was assigned by the lessees of the lease in question to the Ferrier Run Coal Company, and for the further reason that the power of attorney authorizing the confession of judgment contained in the lease was not signed by the Ferrier Run Coal Company. In other words, the Ferrier Run Coal Company did not sign the lease, and, therefore, no judgment could be entered by confession against it.

It is quite clear that the intention of the lessees of the lease in question was to assign the said lease to the Ferrier Run Coal Company, and of this the Indiana Land and Improvement Company, lessor and plaintiff here, had full knowledge; but the question arises, Could the lessees bind the proposed corporation in a power of attorney to confess a judgment against it, granting that these lessees were to become and are now members of the defendant corporation? Clearly they could bind themselves, but how about binding a corporation that did not exist? What did the corporation do after it took over the lease by deed of assignment? It went into possession of the assigned premises and proceeded to operate thereon as a mining company, and still remains in the possession of the said premises. Later on, to wit, on April 19, 1918, the defendant company gave notice in writing to the plaintiff company that the lease entered into May 28, 1917, between plaintiff and H. R. Griest and B. Frank Smith had been assigned by the said lessees to the Ferrier Run Coal Company, "and we beg to advise you that we accept the assignment of the lease and assume the responsibility of carrying out the provisions of said lease." These were the only acts of the defendant company subsequent to incorporation that we can discover that have a bearing upon the question as to whether it gave the power of attorney to confess judgment against it. We think that is insufficient. It is not so much what the lessor and plaintiff here had knowledge of and consented to, but what did the defendant company do after incorporation and accepting the lease to authorize the confession of judgment against it.

It has been held that a judgment by confession must be self-sustaining on the record: Stewart v. Lawson et al., 181 Pa. 549.

"Where a lease, containing a warrant for the confession of judgment against the lessee, is signed by the lessee, and subsequently the lessee assigns the lease to another, who accepts it 'according to its full tenor and effect,' the lessor has no right to enter judgment against the assignee on the warrant, inasmuch as the warrant signed by the original lessee was not the warrant of the assignee:" Ahern et al. v. Standard Realty Co., 267 Pa. 404. To the same effect, see Girard Trust Co. v. Cosgrove, 270 Pa. 570.

In the case at bar the Ferrier Run Coal Company, defendant and assignee of the lease, did not sign the warrant or power of attorney to confess the judgment; hence, under the authorities cited, the method of taking judgment was wrong, and the rule to strike off will be made absolute.

Indiana Land and Improvement Co. v. Ferrier Run Coal Co.

And now, July 31, 1924, this case came on to be heard by argument of counsel on a rule to show cause why the judgment in ejectment and for the sum of $34,297.37 should not be stricken off. It is hereby ordered and directed that the same be made absolute.

Rule absolute and the dual judgment stricken off.

From James L. Jack, Indiana, Pa.