## Ansley et al. *v.* George Coal Mining Company, Appellant.

*Landlord and tenant—Lease—Warrant of attorney to confess judgment—Assignment of lease—Failure of assignee to sign warrant—Right to confess judgment.*

A warrant to confess judgment, given by an original lessee, is not the warrant of its successor, and a judgment entered against.it is properly stricken off as not being self-sustaining.

An agreement by an assignee, to perform in every respect all the obligations and covenants undertaken in the lease by the original tenant, does not confer authority to the lessor to enter a judgment by confession against the assignee, under a warrant contained in the original lease.

Argued April 14, 1926.   Appeal No. 51, April T., 1926, by defendant, from judgment of C. P. Indiana County, September T., 1924, No. 74, in the case of E. M. Ansley, A. B. Ansley, Anna H. Ansley, Paul Ansley and Ruth Z. Ansley v. George Coal Mining Corporation.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Rule to strike off judgment.   Before LANGHAM, P. J.

The facts are stated in the opinion of the Superior Court.

The Court discharged the rule.   Defendant appealed.

*Error assigned* was the decree of the court.

*D. B. Taylor,* for appellant, cited:   Ahern v. Standard Realty Company, 267 Pa. 404; Southern Lime &

Stone Company v. Baker, 281 Pa. 587; Cardon's Estate, 278 Pa. 153; Campbell v. Foster Home Ass'n, 163 Pa. 609.

*Robert M. Fisher,* for appellee, cited: Title Guaranty and Surety Company v. Lippincott, 252 Pa. 112; Shaw v. Cornman, 271 Pa. 260; Curry v. Bacharach Quality Shops, 271 Pa. 364; Howell's Estate, 273 Pa. 50; Cooper v. Shaver, 101 Pa. 547; Haines v. Dearborn, 199 Pa. 474.

OPINION BY PORTER, P. J., July 8, 1926:

The plaintiffs, on November 8, 1920, leased to the Clark Coal Company the right to mine certain coal on a royalty basis. The lease contained a warrant of attorney, authorizing any attorney of any court of record of Pennsylvania to appear for the lessees (The Clark Coal Company) and confess judgment against them for any royalties which remained due and unpaid for a period of thirty days. The Clark Coal Company, the lessee, on February 19, 1923, assigned the lease to the appellant, with the consent of the plaintiffs, the lessors. The George Coal Mining Corporation, the appellant, upon the same day executed an agreement reciting that in consideration of the written consent of the plaintiffs to the assignment of the lease, the George Coal Mining Corporation covenanted and agreed with the plaintiffs to perform in every respect all the obligations and covenants undertaken in the lease by the Clark Coal Company and in every particular to be and act in the stead of said Clark Coal Company under the said agreement, with all duties and obligations imposed thereby. The plaintiffs, on July 16, 1924, caused judgment to be entered by confession, (under the authority supposed to be conferred by the warrant of attorney contained in the original lease between the plaintiffs and the Clark Coal Company) against the George Coal Mining Corporation, the ap-

pellant, for $1050, for royalties averred to be due and unpaid. The defendant company moved to strike off the judgment upon the ground that the warrant contained in the lease executed by the Clark Coal Company did not authorize judgment to be entered against this defendant, the successor of the original lessee. The court granted a rule to show cause why the judgment should not be stricken off, which rule it subsequently discharged. The defendant assigns for error the discharge of the rule to strike off the judgment.

When the defendant company accepted the assignment of the lease they became subject to the terms of the agreement between the lessor and the original lessee, even if they had not executed the written agreement to be bound by the covenants of the instrument and in every particular to be and act in the stead of the Clark Coal Company, with all the duties and obligations imposed thereby, but this would not have given authority to the lessor to enter a judgment by confession against the appellant, under the warrant contained in the original lease, for the appellant had not signed the warrant of attorney, and its coming in under the lease gave no one authority to confess judgment against it: Stewart v. Lawson, 181 Pa. 549. The written agreement of the George Coal Mining Corporation to perform in every respect all the obligations and covenants undertaken in said agreement by the Clark Coal Company and in every particular to be and act in the stead of the Clark Coal Company under said agreement, amounted to nothing more than an acceptance of the assignment of the lease and an undertaking to perform its covenants, it did not authorize the entry of any judgment by confession, in case it failed to comply with the terms of the agreement. This case is ruled by the decision of the Supreme Court in Ahern v. Standard Realty Co., 267 Pa. 404. In that case a lease containing a warrant for the confession of judg-

ment against the lessee was subsequently assigned by the lessee to another who accepted it "according to its full tenor and effect." The lessor caused judgment to be confessed against the assignee, under the authority supposed to be conferred by the warrant in the original lease. The court struck off the judgment upon the ground that the warrant signed by the original lessee was not the warrant of his assignee. The Supreme Court affirmed the judgment in a Per Curiam opinion, using the following language: "The appellee is the assignee of a lease containing a warrant for the confession of judgment against the lessee for breach of its covenants. The assignment of it was accepted by the appellee 'according to its full tenor and effect.' In view of these words appellants claim the right to enter judgment against the appellee; but this overlooks the fact that it signed no warrant for the confession of judgment. The warrant to confess judgment given by the original lessee is not the warrant of the appellee, his successor, and the judgment entered against it was properly stricken off as not being self-sustaining." The assignment of error is sustained.

The order of the court below is reversed, and the rule to show cause why the judgment should not be stricken off is reinstated and is here made absolute.