## McFadden et ux. *v.* Gohrs and The Lycoming Garage & Motor Car Company, Appellants.

*Judgments—Confession of—Ejectment—Judgment against sub-tenant—Lease—Warrant of attorney.*

A judgment in an amicable action of ejectment entered by confession under a warrant of attorney contained in a lease, against the original lessee and a corporation to which the lease was claimed to have been assigned, will be stricken off as to the latter, where it appears that the warrant was never signed by the corporation although the lease, by its terms, extended to the "assigns" of the parties.

*Landlord and tenant—Lease—Renewal—Notice.*

A provision in a lease granting a privilege of renewal at the end of the term "upon terms and conditions then to be mutually agreed upon" does not operate as an extension in the absence of notice prior to the termination of the original term, of an intention to exercise the privilege.

Argued December 6, 1927. Appeal No. 371, October T., 1927, by defendants from order of C. P., Lycoming County, March T., 1927, No. 156, in the case of A. Legouri McFadden and Catherine McFadden v. Clyde H. Gohrs and The Lycoming Garage and Motor Car Company. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed as to the defendant Gohrs, and reversed as to Lycoming Garage & Motor Car Company.

Rule to strike off judgment entered in an amicable action of ejectment. Before Whitehead, P. J.

The facts are stated in the opinion of the Superior Court.

Rule discharged. Defendants appealed.

*Error assigned* was the order of the court.

*Mortimer C. Rhone,* for appellant.

*Walter E. Ritter,* and with him *H. G. Troxell,* for appellees.

Opinion by Cunningham, J., March 16, 1928:

In this appeal we are asked to reverse an order of the court below discharging a rule to strike off a judgment in ejectment entered against both appellants in an amicable action commenced under a lease signed by one of them for certain premises occupied as a garage and located in the Borough of Williamsport. The judgment was entered by attorneys acting, upon this occasion, for appellants under authority alleged to have been conferred by a warrant of attorney contained in the lease and upon the ground that appellants had declined to deliver up possession at the expiration of the term. Any party aggrieved by an order of this kind is authorized by the Act of May 20, 1891, P. L. 101, to appeal therefrom. The record discloses that the writ of habere facias possessionem issued upon

the judgment had been fully executed, the costs thereon paid and possession of the premises delivered to the lessors, appellees herein, before the petition for the rule to strike off was presented in the court below.

A brief history of the litigation is that the appellees leased the property in question to one of the appellants, Gohrs, on October 17, 1921, "for a term of five years, beginning on the first day of April, 1922, and ending at midnight of the 31st day of March, 1927, with the privilege of renewal, at the expiration of such term, for another term of like duration upon terms and conditions then to be mutually agreed upon." Although not required to do so by the terms of the lease the lessors gave notice to Gohrs on December 29, 1926, to vacate the premises on March 31, 1927. No notice of any kind was given at any time by the lessee of an intention to claim the privilege of a renewal. It is provided in the lease that its conditions "shall extend to and bind the administrators, executors and assigns of all the parties hereto," and it is also provided that "neither the whole or any portion of the said premises shall be sublet, nor shall this lease or any interest therein be assigned, except to a corporation incorporated and organized to take over the business now being conducted thereon." In June, 1922, the lessee and his associates incorporated the Lycoming Garage and Motor Car Company, the other appellant, for that purpose and it is averred in the petition that the lease was transferred to this corporation and that it continuously occupied the premises down to and including the month of March, 1927. The record does not disclose any written assignment of the lease or any acceptance by the lessors of the corporation as their tenant. The warrant of attorney under which the judgment was confessed was contained in the lease as originally drawn and authorizes the confession of a "judgment in an amicable action of

ejectment against the said party of the second part and in favor of the said parties of the first part for the premises herein described." This warrant of attorney was never signed by the Lycoming Garage and Motor Car Company and we are therefore of opinion that there was no authority for the confession of a judgment under it against that company: Ansley et al. v. George Coal Mining Co., 88 Pa. Superior Ct. 40; Ahern et al. v. Standard Realty Co., 267 Pa. 404; and Stewart v. Lawson, 181 Pa. 549. In the case last cited Jackson was the lessee of two hotel properties and Lawson, soon after the execution of the lease, entered into exclusive possession of one of them and Mitchell of the other with the knowledge and consent of the lessor. The lease contained a provision for entering an amicable action of ejectment with power of attorney to confess judgment against the lessee, or any sub-tenant, in the event of a breach. Judgment was confessed for non-payment of rent against all three by virtue of the warrant of attorney which was signed by Jackson only. Lawson obtained a rule to strike off and the Supreme Court said: "We have then a judgment entered against three defendants on a warrant of attorney signed by one of them only. The only ground on which it is attempted to sustain the judgment against Lawson is that he was a sub-tenant and bound by the terms of the lease. It is true that if he was a sub-tenant he was subject to the terms of the lease between his lessor and the owner, and he could have been ejected by proceedings on a judgment entered against Jackson. There was full authority for entering a judgment against Jackson, and its enforcement would have turned out of possession every one claiming under him, but we find no authority for entering a judgment against Lawson. He had not signed the warrant of attorney, and his coming in as a sub-tenant gave no one authority to confess judgment against him. A judgment by confession must

be self-sustaining on the record, and as there is nothing on this record to sustain a judgment against Lawson the rule to strike it off should have been made absolute." Whether the Lycoming Garage and Motor Car Company was technically a sub-tenant or an assignee is immaterial in view of the decision in Ansley v. George Coal Company, supra. The record, which is the only thing that may be considered in a rule to strike off a judgment (O'Hara v. Baum, 82 Pa. 416), does not disclose any authority for entering the judgment against the Lycoming Garage and Motor Car Company and as to it the rule should have been made absolute. This, however, does not entitle the company to repossession of the premises, for, as in Stewart v. Lawson, supra, it was "ejected by proceedings on a judgment entered against" the original lessee and its enforcement "turned out of possession every one claiming under him."

We are of opinion that the judgment against Gohrs is valid. The provision for a renewal at the expiration of the term for another term of like duration was not self operating; it was to be "upon terms and conditions then to be mutually agreed upon." Neither Gohrs nor the company gave any notice of a desire or intention to exercise the "privilege" accorded by the lease and no proposals with respect to "terms and conditions" were submitted to the lessors. The court below correctly disposed of this feature of the case by saying: "We believe that it was incumbent upon the lessee if he desired to renew to give notice to the lessors prior to the termination of the original term of such desire, especially as they had received a quit notice from the lessors."

The order discharging the rule to strike off the judgment is affirmed in so far as it applies to C. H. Gohrs, but is reversed as to the Lycoming Garage and Motor Car Company and the rule is made absolute as to it; the costs on this appeal to be equally divided.