Kait v. Rose, Appellant.

Argued Dec. 7, 1944. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Hughes, JJ.

re- argument refused April 10, 1945.

*Jacob Weinstein,* with him *Manuel Fleisher,* for appellant.

*Leon J. Obermayer,* with him *George B. Clothier* and *Edmonds, Obermayer & Rebmann,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 19, 1945:

These are appeals by Jerome S. Rose, ancillary administrator cum testamento annexo of the estate of John M. Rose, deceased, from the orders of the court below dismissing decedent's petitions to open and strike off a judgment in favor of Susan Kait, appellee, entered against him in an amicable action in ejectment.

On April 30, 1940, Frank G. Binswanger, Inc., leased certain premises situate at the northeast corner of Sixth and Clearfield Avenues, Philadelphia, to John M. Rose for a term of three months with provision for successive renewals. Rose immediately assigned his interest to Associated Building Wreckers Materials Company, a corporation of which he was vice president. This corporation has continued in actual and physical possession to the present time. Susan Kait became title-holder to the premises by deed of Frank G. Binswanger, Inc., dated October 6, 1943. Admittedly, she is holding for the benefit of J. Jacob Shannon & Co. The lease was duly assigned to her at the time of purchase. This lease, signed by John M. Rose, contained a warrant of attorney to enter judgment in an amicable action in ejectment. The lease, originally for a term of three months, was extended by appellee on a month-to-month basis pursuant to an oral agreement. On May 29, 1944, notice of termination of the lease was given to the assignee. Upon failure to vacate by June 30, an amicable action in ejectment was begun on July 3rd, and judgment by confession entered against appellant as provided in the lease. A writ of habere facias against John M. Rose was issued forthwith. Thereupon rules to open and to strike off the judgment were filed. In support of these rules it was alleged that an option had been granted by appellee to Associated Building Wreckers Materials Company to purchase the premises on or before May 15, 1944, and

that this option had been wrongfully repudiated by appellee. Appellant also 'urged that the proceedings were defective because of a failure in the instrument of confession to specify whether notice of termination was oral or written and to name officers or agent of the assignee of the lease.

John M. Rose died at Los Angeles, California, on July 25, 1944. A suggestion of death was filed forthwith in the court below which set forth, *inter alia,* that no fiduciary for the estate had been appointed as of the date of filing said suggestion. On the return day, August 1, 1944, counsel of record for decedent secured a continuance of the argument upon the rules until August 8, at which time the court directed argument. Appellee filed what amounts to demurrers to the petitions. On August 28, the rules were discharged. An ancillary administrator cum testamento annexo was duly appointed by the Register of Wills of Philadelphia County on September 12, 1944.

Appellant contends that the court below erred in permitting argument and entering judgment for the reasons (1) that at that time no representative for the decedent appeared of record, (2) that judgment in an amicable action in ejectment cannot be entered against a lessee not in actual physical possession of the premises, and (3) that since an option had been secured for the purchase of the premises there was a valid defense to the action.

Upon the death of the judgment debtor, John M. Rose, the court below had power to stay proceedings pending qualification of a personal representative. Such stay could not, however, be demanded as a matter of right. See *Perret v. Lepper,* 226 Pa. 528, 530. Here, execution has been stayed by the filing of the rules and by virtue of the appeal. It is not contended, nor could such contention properly be made, that the failure of the court below to again continue the argument in any way prejudiced appellant. To the contrary, counsel has had

ample opportunity to present any defense to the action which might have existed.

Judgment could not have been entered against the assignee of the lessee because it was not a party to the lease and had signed no warrant of attorney. A judgment cannot be confessed against the assignee of the lease upon a warrant signed by the assignor: *Ahern v. Standard Realty Co.*, 267 Pa. 404; *Girard Trust Co. v. Cosgrove*, 270 Pa. 570, 572. The original lessee was the proper party against whom judgment should have been entered. See *McFadden v. Gohrs and The Lycoming Garage & Motor Car Company*, 93 Pa. Superior Ct. 134, 138. Whether the Associated Building Wreckers Materials Company be considered assignee or subtenant is immaterial: *McFadden v. Gohrs and The Lycoming Garage & Motor Car Company*, supra, 138. Whether there has been a waiver of the right to enter judgment against Rose is not an issue in this case. Cf. *Girard Trust Co. v. Cosgrove*, supra.

There is no merit in appellant's assertion that a valid oral agreement of sale existed sufficient in law and equity to be a defense to the present action. To successfully assert an oral agreement of sale appellant was required to establish a case in which, if it were plaintiff, a chancellor would be required to decree specific performance: *Marshall v. MacGregor*, 314 Pa. 454, 455. This burden appellant has failed to maintain. Appellant, having by the express terms of the lease released all errors and defects in the entry of the amicable action in ejectment or judgment, is not now in a position to raise any questions with regard thereto: *Isman v. Niederman*, 74 Pa. Superior Ct. 175, 179. Whether there was written or oral notice to quit the premises is, therefore, of no moment.

The orders dismissing the petitions to strike off and open the judgments are affirmed. Costs to be paid by appellant.