Freeman *v.* Behrman (et al., Appellant).

Argued November 19, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Michael Edelman,* for appellant.

*Paul Freeman,* in propria persona, with him *Freeman & Fox,* for appellee.

PER CURIAM, December 9, 1947:

Lessor entered a judgment in ejectment against lessee under the terms of a written lease.

Lessee's assignee filed a petition for leave to intervene as a party defendant and a petition for rule to show cause why the judgment in ejectment should not be stricken off. The petition for leave to intervene alleged that lessee's assignee held possession of the premises "under a demise for the term of one year from the 15th day of October, 1947, from Jackson-Cross Company, agent for Paul Freeman," the lessor. The nature of the demise, whether written or oral, was not given, and the authority of the agent was not set forth. The court granted a rule to show cause on each petition. The lessor filed a responsive answer to the petition for leave to intervene in which it was denied that any such demise to the petitioner by the Jackson-Cross Company had been made, and in which it was also averred that the said company was not authorized by the lessor to make any demise to the petitioner. No depositions were taken, and the matter came before the court on petition and answer. The court discharged both rules. The petitioner, lessee's assignee, has appealed.

Defendant-lessee has not questioned the validity of the judgment entered on the written lease. The only ground for intervention set forth by appellant was the alleged demise to begin after the expiration of the original term; but the allegations of the petition were not established. The term under the original lease had expired.

Appellant did not claim any right to remain in possession under the original lease; and the existence or nonexistence of the alleged demise had nothing to do with the original lease which was the basis for the amicable action and judgment against defendant-lessee. See *Kait v. Rose,* 351 Pa. 560, 563, 41 A. 2d 750. It does not appear that appellant from any point of view was entitled to intervene. See Rules Nos. 2327, 2329, Penn-

sylvania Rules of Civil Procedure, Goodrich-Amram, §§2327, 2329.

Appellant had no standing to question the validity of the judgment. "Before one, not a party of record, can be heard to challenge the judgment or decree, he must obtain leave to become a party by application based on sufficient ground": *Jordan's Petition*, 331 Pa. 270, 271, 1 A. 2d 152, 153.

We find no reason to question the action of the court below.

Appeals are dismissed, at the cost of appellant.