Griffin Oil Company, Appellant, *v.* Toms.

Argued November 16, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Harvey E. Schauffler, Jr.,* for appellant.

*Mord C. Taylor, Jr.* and *Robert Palkovitz,* for appellee, were not heard.

PER CURIAM, January 17, 1952:

This is an appeal by plaintiff from an order of the court below striking off a judgment.

Plaintiff had judgment entered against defendant pursuant to the alleged authority of a warrant of attorney contained in an "Equipment Agreement." The petition to strike off set forth that the warrant of attorney, by virtue of which the judgment was confessed, was not signed by defendant, and that there was no authority for the entry of a judgment. The court, having made absolute the rule to show cause why the judgment entered should not be stricken off, directed that it be stricken from the record.

The "Equipment Agreement" attached to plaintiff's statement and confession, provided, inter alia, that plaintiff loan to defendant a system for retailing gasoline, motor fuels and lubricants, including gasoline pumps, tanks, display signs and other equipment. In consideration for the use of plaintiff's equipment, defendant was to deal exclusively in petroleum products furnished by plaintiff. Paragraph 4 of the agreement provided for liquidated damages in the amount of $800 to be paid to plaintiff in the event of breach by defendant of certain terms of the agreement; and paragraph 5 authorized any attorney of any court of record in Pennsylvania to appear for and enter judgment against defendant on an affidavit of default and demand. However, this agreement containing the warrant of attorney was not signed by defendant; it was signed only by plaintiff. Defendant did sign an "Owner's Consent" appended to the agreement. The "Owner's Consent" acknowledged notice of the agreement and contained an assent to its terms and conditions. It recognized title to the gasoline system to be in plaintiff and

waived all right to levy upon the system "for rent or otherwise."

In a proceeding to strike off a judgment, only matters apparent on the face of the record will be considered. *Peerless Soda Fountain Service Co. v. Lipschutz,* 101 Pa. Superior Ct. 568, 571. On the present record it conclusively appears that defendant did not sign the agreement containing the warrant of attorney. An authority to confess judgment must be clear and explicit. *Solazo v. Boyle,* 365 Pa. 586, 76 A. 2d 179. There was no authority for entering a judgment by confession against defendant who had not signed the warrant of attorney; a judgment by confession must be self-sustaining on the record. *Stewart v. Jackson,* 181 Pa. 549, 37 A. 518; *Ahern v. Standard Realty Co.,* 267 Pa. 404, 110 A. 141; *Ansley v. George Coal Mining Co.,* 88 Pa. Superior Ct. 40; *Craig v. Taylor,* 160 Pa. Superior Ct. 101, 50 A. 2d 118. The "Owner's Consent" appended to the agreement gave no authority to confess judgment against defendant.

The order of the court below is affirmed.