380 A.2d 1273

## SOLEBURY NATIONAL BANK OF NEW HOPE

v.

## Benjamin F. CAIRNS, III, Appellant, and William C. Kratz.

Superior Court of Pennsylvania.

Argued Sept. 20, 1977.

Decided Dec. 2, 1977.

46

Thomas C. Branca, Lansdale, for appellant.

Kenneth R. Williams, Doylestown, with him John A. Lord, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erroneously refused to strike or open a confessed judgment because (1) he did not personally sign the note containing the authorizing warrant of attorney, and (2) the record reveals that he had not actually defaulted on his contractual obligations. We believe that the lower court erred in refusing to strike the confessed judgment because appellant did not sign the note containing a warrant of attorney in his individual capacity. Accordingly, we reverse the order of the lower court dismissing appellant's motion to strike the judgment, and order the judgment stricken.[1]

On October 16, 1973, Kratz and Cairns Excavating Corporation executed a judgment note in favor of appellee, Solebury National Bank of New Hope, in the face amount of $96,277.20. The note provided that Kratz and Cairns Exca-

---

1. Because of this disposition, we need not decide whether the record reveals that appellant did not default in his contractual obligations. We also need not decide whether the lower court abused its discretion in refusing to open the confessed judgment.

vating Corporation would repay the note in 60 monthly payments of $1604.62. Form provisions contained in the note provided that in the event of a default in a monthly payment, the undersigned authorized any prothonotary or clerk or attorney of any court of record to confess judgment for the unpaid amount of the note plus 18% for collection costs and the costs of suit.[2] Appellant, Benjamin F. Cairns, III, signed this note in his capacity as President of Kratz and Cairns Excavating Corporation; William Kratz signed the note in his capacity as Secretary-Treasurer of the Corporation. Directly underneath these signatures, in a space labelled "co-maker," the name and addresses of appellant and William Kratz appeared in type.

On October 19, 1973, appellant and William and Dolores Kratz executed a guaranty note in their individual capacities. The note provided: "FOR VALUE RECEIVED, the undersigned jointly and severally guarantee payment of the within note according to its terms and hereby agree to all the provisions thereof. Protest and notice is hereby waived in the within promissory note and I/We hereby endorse the same."

On November 24, 1975, appellee filed in the Montgomery County Court of Common Pleas a complaint in confession of judgment against Kratz and Cairns Excavating Corporation, and against Benjamin F. Cairns, III, William C. Kratz and Dolores Kratz individually. The complaint alleged that the corporate defendant had defaulted under the judgment note and that the individual defendants had also defaulted by their failure to make payments due from the corporate defendant in accordance with their guaranty agreement. On November 24, 1975, appellee confessed judgment against the corporate and individual defendants.[3]

2. The Act of June 10, 1957, P.L. 281, No. 142, § 1; 12 P.S. § 739 provides for the entry of a confessed judgment by a prothonotary when parties to an instrument have so agreed.

3. See Pa.R.Civ.P. 2950–2962, 42 Pa.C.S., for the procedure employed in confessing judgments for money. See also Goodrich-Amram 2d, Standard Pennsylvania Practice, §§ 2950:1–2962.

On December 23, 1975, appellant Benjamin F. Cairns, III, filed a motion to strike or, in the alternative, to open the judgment entered against him individually.[4] Appellant alleged that he signed the note authorizing confession of judgment solely in his capacity as President of Kratz and Cairns Excavating Corporation. While he did sign the guaranty agreement in his individual capacity, this agreement did not explicitly authorize confession of judgment against him. Moreover, appellant alleged that the corporation did not default in its payment under the judgment note. On February 4, 1976, appellee filed its answer which alleged that appellant, by signing the guaranty agreement, accepted all the terms and conditions of the judgment note, including the confession of judgment clause. The answer also stated that the corporation failed to meet its monthly payment obligations. Neither party submitted evidence or allegations beyond the pleadings. On February 7, 1977, the lower court dismissed appellant's motion and petition. This appeal followed.

Appellant first contends that the confessed judgment entered against him individually must be stricken because he signed the judgment note solely in his capacity as President of Kratz and Cairns Excavating Corporation. In *Fourtees Co. v. Sterling Equipment Corporation,* 242 Pa.Super. 199, 205–06, 363 A.2d 1229, 1232 (1976), our Court recently reiterated the well-settled standards for testing a motion to strike a confessed judgment: "A motion to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the judgment will not be stricken. . . . (citations omitted). It is well-settled that a written lease or contract which authorizes a party to confess judgment must be clear and explicit and strictly construed." If any doubt exists as to the propriety or effect of a warrant of attorney authorizing confession of judgment, the doubt must be resolved against the party in whose favor the warrant is given. *See*

4. *See* Pa.R.Civ.P. 2959, 42 Pa.C.S. for the procedure governing the filing of a motion to strike a confessed judgment for money. *See also Goodrich-Amram 2d,* supra, § 2959.

*A. B. & F. Contracting Corp. v. Matthews Coal Co.,* 194 Pa.Super. 271, 166 A.2d 317 (1960). Our Court has recognized that this rule of strict construction may be constitutionally mandated in light of recent due process attacks on cognovit clauses. *See Egyptian Sands Real Estate, Inc. v. Polony,* 222 Pa.Super. 315, 294 A.2d 799 (1972); *Citizens National Bank of Evans City v. Rose Hill Cemetery Assoc. of Butler,* 218 Pa.Super. 366, 281 A.2d 73 (1971).[5] Cf. *Swarb v. Lennox,* 314 F.Supp. 1091 (E.D.Pa.1970), aff'd, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972).

In the case before us, we must determine under what circumstances a confessed judgment may be entered against a person who individually guarantees payment of a corporate note which he has signed in his capacity as president and which authorizes confession of judgment. In *Cutler Corp. v. Latshaw,* 374 Pa. 1, 97 A.2d 234 (1953), Cutler Corporation entered a confessed judgment against a homeowner when she failed to make payments for repairs to her house. The defendant signed a contract which consisted of five form sheets. On the front side of each sheet, the specifications agreed upon by the parties appeared. In small type, one clause provided that the buyer requested the corporation to furnish and install the specified materials at her premises "subject to conditions on reverse side." On the reverse side of each sheet appeared eight paragraphs in small type; one paragraph contained a warranty of attorney permitting confession of judgment. The homeowner did not sign the reverse side of the five sheets. Our Supreme Court held that the confessed judgment should be stricken.

In *Cutler,* the Supreme Court evidenced an extreme suspicion of warrants of attorney. Justice MUSMANNO articulated the Court's rationale for strict review of these warrants: "A warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law. The signer deprives himself of every defense and

---

**5.** As we noted in *Citizens National Bank of Evans City v. Rose Hill Cemetery Assoc. of Butler,* supra, the use of warrants of attorney has been either eliminated or severely restricted in the vast majority of states. *See also* 16 Vill.L.Rev. 571, 573, n.9 (1971).

every delay of execution, he waives exemption of personal property from levy and sale under the exemption laws, he places his cause in the hands of a hostile defender. The signing of a warrant of attorney is equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword. For that reason the law jealously insists on proof that this helplessness and improverishment was voluntarily accepted and consciously assumed." *Cutler,* supra, 374 Pa. at 4–5, 97 A.2d at 236. *See also Citizens National Bank of Evans City v. Rose Hill Cemetery Assoc. of Butler,* supra. The Court specifically held that the evidence did not adequately demonstrate that the defendant consented to a warrant of attorney; the Court refused to infer that the reference to "conditions on reverse side" constituted knowledge and acceptance of the confession of judgment clause.

In *Frantz Tractor Co. v. Wyoming Valley Nursery,* 384 Pa. 213, 120 A.2d 303 (1956), our Supreme Court struck a confessed judgment entered pursuant to a warrant of attorney in an equipment rental agreement. In the main body of the contract, the following appeared: "This Contract and all TERMS AND CONDITIONS, rights and remedies herein contained and set forth on the reverse side hereof shall bind the parties hereto . . . ." The warrant of attorney appeared in a finely printed paragraph on the unsigned reverse side of the agreement. The Court held that the defendant had not explicitly consented to the entry of a confessed judgment.

The Supreme Court's analysis in *Frantz* began with the observation that the plenary power conferred by a warrant of attorney required strict adherence to legal formalities. The Court reviewed a series of Pennsylvania cases concerning warrants of attorney contained in leases and deduced the following rule: "[A] warrant of attorney to confess judgment must be self-sustaining, the warrant must be in writing and signed by the person to be bound by it, and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant." su-

pra 384 Pa. at 219–20, 120 A.2d 306. *See also Shidemantle v. Dyer,* 421 Pa. 56, 218 A.2d 810 (1966). In *Frantz,* the defendant had not signed the portion of the contract containing the warrant of attorney; the Court declined an invitation to infer consent from the "terms and conditions" contained on the reverse side of the contract.[6]

Our Court confronted a factual situation analogous to the instant case in *Griffin Oil Co. v. Toms,* 170 Pa.Super. 203, 85 A.2d 595 (1952). Plaintiff entered a confessed judgment pursuant to a warrant of attorney contained in an "Equipment Agreement." However, defendant did not sign the "Equipment Agreement;" instead, he signed an appended "Owner's Consent." This document acknowledged notice of the "Equipment Agreement" and expressed assent to its terms and conditions. Our Court ordered the confessed judgment stricken. We stated: "There was no authority for entering a judgment by confession against defendant who had not signed the warrant of attorney; a judgment by confession must be self-sustaining on the record. . . . [citations omitted]. The 'Owner's Consent' appended to the agreement gave no authority to confess judgment against defendant." supra 170 Pa.Super. at 205, 85 A.2d at 596. *See also Cutler Corp. v. Latshaw,* supra. (*Griffin Oil Co. v. Toms* discussed with approval).

6. *See also Ahern v. Standard Realty Co.,* 267 Pa. 404, 110 A. 141 (1920) (assignee of lease containing confession of judgment clause is not bound by clause even though he accepted lease "according to its full tenor and effect."); *Stewart v. Lawson,* 181 Pa. 549, 37 A. 518 (1897) (subtenant who did not sign lease is not bound by provision in lease authorizing confession of judgment against any subtenant); *Ansley v. George Coal Mining Co.,* 88 Pa.Super. 40 (1927) (assignee of lease is not bound by confession of judgment clause although he agreed "to perform in every respect all the obligations and covenants undertaken in the lease by [lessee] and in every particular to be and act in the stead of [lessee] under the said agreement, with all duties and obligations imposed thereby.") For the general proposition that a lease assignee will not be bound by a warrant of attorney signed solely by the assignor, see *Kait v. Rose,* 351 Pa. 560, 41 A.2d 750 (1945); *Dime Bank & Trust Co. v. O'Boyle,* 334 Pa. 500, 6 A.2d 106 (1939); *Girard Trust Co. v. Cosgrove,* 270 Pa. 570, 113 A. 741 (1921) (dictum); *McFadden v. Gohrs,* 93 Pa.Super. 134 (1928).

Finally, in *Caplan v. Seidman,* 203 Pa.Super. 170, 199 A.2d 483 (1964), a note authorized confession of judgment. Plaintiff confessed judgment against the primary borrower under the note and also against a defendant who agreed "to indemnify [the signer] and save him harmless against any loss due to nonpayment of this note." This indemnity agreement appeared immediately under the signature of the primary borrower. We held that a confessed judgment was properly entered against the primary borrower. However, we affirmed an order striking judgment against the indemnitor because he had not signed the warrant of attorney to confess judgment. *See also Caplan v. Knob,* 203 Pa.Super. 174, 199 A.2d 485 (1964) (companion case).[7]

In the instant case, appellant, in his capacity as President of Kratz and Cairns Excavating Corporation, signed a note authorizing confession of judgment against his corporation. Appellant did not sign this note in his individual capacity.[8] However, he did execute a guaranty agree-

7. An annotation in 5 A.L.R.3d 424 entitled "Enforceability of Warrant of Attorney to Confess Judgment against Assignee, Guarantor of Other Party Obligating Himself for Performance of Primary Contract" provides a concise, accurate summary of Pennsylvania case law: "It appears to be well-settled that the undertaking of one who agrees only to insure the full performance to the primary obligee of a contract, as assignee, guarantor, or otherwise, on behalf of or as a substitute for the primary obligor, is not sufficient to permit enforcement against him of a warrant of attorney contained in the primary contract to confess judgment . . ., regardless of whether the warrant is a part of the primary contract assumed, or whether the warrant itself appears on the reverse side of the document signed by a third party as assignee, guarantor, or otherwise. Thus, the courts are unanimous in holding that judgment may not be confessed against one who did not himself sign the warrant of attorney, whether he is assignee, guarantor, or another party obligating himself for the performance of the primary contract." supra at 428. The commentator relied primarily on Pennsylvania cases in formulating this rule. *See also Wolf v. Gaines,* 33 Ill.App.2d 428, 179 N.E.2d 466 (1947); *Sharpe v. Second Baptist Church,* 274 Ill.App. 374 (1934).

8. The lower court attached some significance to the fact that appellant's name and address had been typed into a space on the note labelled "co-maker." The name and address appeared directly underneath appellant's signature in his capacity as president of the corporation. We note that appellant did not sign his name in the space labelled "co-maker." Moreover, we must construe warrants of

ment in his individual capacity. This agreement did not contain an explicit warrant of attorney authorizing confession of judgment. Instead, the agreement stipulated that appellant guaranteed the note "according to its terms and hereby [agreed] to all the provisions thereof." Therefore, we must determine whether appellant's personal signature on the guaranty agreement bears a sufficiently direct relationship to the warrant of attorney clause contained in the note which appellant signed in his corporate capacity to demonstrate that appellant accepted the entry of confessed judgment against him. See *Shidemantle v. Dyer,* supra; *Frantz Tractor Co. v. Wyoming Valley Nursery,* supra.

Construing the warrant of attorney strictly and giving appellant the benefit of doubt, as we must, we conclude that the language in the guaranty agreement is too indirect and general to demonstrate that appellant consented to the confession of judgment against himself individually. *See Frantz Tractor Co. v. Wyoming Valley Nursery,* supra; *Cutler Corp. v. Latshaw,* supra; *Griffin Oil Co. v. Toms,* supra. Indeed, by accepting "all the provisions" of the corporate note, appellant only agreed that appellee could enter a default judgment against Kratz and Cairns Excavating Corporation and could then sue appellant through normal legal processes if appellant failed to meet his obligations under the guaranty agreement.[9] Because appellant did not

attorney strictly; we will resolve doubts as to the propriety and effect of the warrant of attorney against the party who confesses judgment. *See A. B. & F. Contracting Co. v. Matthews Coal Co.,* supra. In the case at bar, one may logically infer that appellant's name and address were inserted in type in order to identify clearly the borrower's signature which appeared immediately above the "co-maker" space. Therefore, we believe that the typed entry of appellant's name and address in the "co-maker" space carries no legal significance.

9. In its opinion, the lower court stated that: "To hold that an individual who signs a note and separate guaranty form . . . understands the terms of the note on behalf of the corporation but not as an individual defies logic." To the contrary, appellant may well have understood the severe repercussions for his corporation of a warrant of attorney permitting confession of judgment for the

expressly sign the warrant of attorney authorizing confession of judgment and because his signature on the guaranty clause does not bear a direct relation to the warrant clause, we hold that the warrant of attorney is not self-sustaining on the record. *Frantz Tractor Co. v. Wyoming Valley Nursery,* supra; *Caplan v. Seidman,* supra. Accordingly, the confession of judgment entered pursuant to this warrant must be stricken, and the order of the lower court dismissing appellant's motion to strike judgment must be reversed.

Order reversed.

PRICE, J., notes dissent.

entire unpaid amount of the loan and may have consciously decided not to expose his personal assets to such a drastic remedy.