## Shidemantle, Appellant, *v.* Dyer.

Argued March 18, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Leo M. Stepanian,* for appellants.

*Paul R. Jenkins,* with him *Willis A. MacDonald,* and *Campbell, Thomas & Burke,* for appellees.

OPINION BY MR. JUSTICE COHEN, April 19, 1966:

Plaintiffs filed an amicable action of ejectment and confession of judgment against the defendants. The power of attorney to confess the judgment was contained in articles of agreement between the plaintiffs and the defendants' predecessors in title who assigned the agreement to the defendants. Defendants filed a petition to strike the judgment which the lower court granted. The plaintiffs now appeal to this Court and maintain that the assignee or grantee of an interest in real estate is bound by the warrant of attorney that permits an amicable action of ejectment and confession of judgment even though the parties-defendants were not signators to the agreement.

A warrant of attorney to confess judgment in ejectment is not a covenant which runs with the land. In *Shafer v. Cascio,* 288 Pa. 56, 135 Atl. 639 (1927), we said: "Such warrants are purely personal and bind only those who sign them; they are in a class by themselves, and do not bind others who may take over leases containing them, unless there is an express written stipulation, signed by the transferee of the lease, which in effect renews the warrant as against him." This rule was reiterated by Mr. Justice JONES in *Frantz Tractor Company, Inc. v. Wyoming Valley Nursery,* 384 Pa. 213, 120 A. 2d 303 (1956): "A warrant of attorney to confess judgment has a very special and significant status. An assignment of a lease binds the assignee with all the terms and conditions thereof except a pro-

vision for a warrant of attorney to confess judgment against the lessee; and, this is so even where the assignee formally agrees with the lessor to an assignment of a lease by endorsing thereon that he, the assignee, accepts it 'according to its full tenor and effect.'

. . .

"The rule to be deduced . . . is that a warrant of attorney to confess judgment must be self-sustaining; . . . the warrant must be in writing and signed by the person to be bound by it; and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant."

It is apparent that the lower court properly struck from the record the judgments entered against the defendants who had not executed the warrant of attorney permitting their entry.

Order affirmed.