421 A.2d 1074

Irwin STEIN t/a Stony Creek Associates

v.

**PENNCREST CONSTRUCTION CORPORATION, Julius Goldfarb and Victor L. Rendiana, Jr., Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed Aug. 29, 1980.

Michael D. Bull, Lancaster, for appellants.

George C. Zumbano, Paoli, for appellee.

Before CERCONE, President Judge, and WATKINS and LIPEZ, JJ.

CERCONE, President Judge:

This is an appeal from the order of the court below refusing to strike a confessed judgment. Finding no error of law, we affirm.

The record reveals that on December 14, 1977, pursuant to a warrant of attorney contained in a contractor's bond, judgment by confession was entered against defendants, Penncrest Construction Corp., Julius Goldfarb and Victor L. Rendiana, Jr., (hereinafter appellants) in the amount of $258,075.00. On December 21, 1977, appellants filed a petition to open and/or strike the confessed judgment. Appellee filed an answer to the petition and depositions were taken thereafter. The case was then assigned to the lower court for disposition on briefs. On November 13, 1978, the lower court opened the judgment pursuant to appellee's stipulation, but denied appellants' request to strike the judgment. This appeal, challenging the validity of the manner utilized to confess judgment, followed.

Rule 2951 of the Pennsylvania Rules of Civil Procedure recognizes two methods of confessing judgment for a sum of money. The first is accomplished by having the prothonotary enter judgment by confession without the agency of an attorney or any complaint.[1] The second way of proceeding, under Rule 2951(b), to confess judgment for a sum of money is to file a complaint with the prothonotary substantially in the form provided by Rule 2952. Rule 2952 lists what information the complaint shall contain. Instantly, judgment was confessed by the second method, namely, by complaint under Rule 2951(b).[2] When proceeding by com-

---

1. The prothonotary's authority for so acting was formerly found in the Act of February 24, 1806, P.L. 334, 4 Sm.L. 270, Sec. 28, as amended, 12 P.S. § 739. The Act of 1806, however, was repealed by the Judiciary Act Repealer Act (JARA) of April 28, 1978, P.L. 202, No. 53, eff. June 27, 1978, 42 Pa.C.S.A. § 20002(a)(49). The Judicial Code, 42 Pa.C.S. § 2737(3) now provides that "the prothonotary shall have the power and duty to enter all civil judgments, including judgments by confession."

2. Appellee's authority for filing a complaint confessing judgment is found in the contractor's bond executed by the parties on December 21, 1970, which provides in pertinent part:
 "OBLIGOR and each OBLIGOR does hereby authorize and empower any attorney of any court of record of Pennsylvania or of any other state to appear for OBLIGOR and each OBLIGOR ... and confess judgment in favor of OBLIGEES, ... against OBLIGOR and each OBLIGOR ... in the amount of this bond, together with all costs of suit and expenses, and with five per cent added for collection fees..."

plaint under Rule 2951(b), "the plaintiff shall file with the complaint a confession of judgment substantially in the form provided by Rule 2962." Pa.R.C.P. No. 2955(a). In addition, Rule 2955(b) states that "[t]he attorney for the plaintiff may sign the confession as attorney for the defendant unless an Act of Assembly or the instrument provides otherwise."

As previously indicated, this appeal calls into question the manner in which judgment was confessed against appellants. Although appellants raise no objection to the actual complaint filed against them by appellee, they contend that the judgment should be stricken because the confession of judgment referred to in Rule 2955(a) is alleged to be in violation of Rule 2962. Rule 2962 provides as follows:

FORMS

**Rule 2962.** Confession of Judgment where Action Commenced by Complaint

[CAPTION]

Pursuant to the authority contained in the warrant of attorney, the original or a copy of which is attached to the complaint filed in this action, I appear for the defendant(s) and confess judgment in favor of the plaintiff(s) and against defendant(s) as follows:

| | |
|---|---|
| *(Principal) *(Penal) Sum | $ _____ |
| Other authorized items: | |
| _____ | $ _____ |
| (Specify) | |
| ** Interest | $ _____ |
| ** Attorney fees | $ _____ |

\* Strike out inapplicable item

\*\* Interest and attorney fees may be included only if authorized by the warrant.

(Attorney for Defendant (S))

*Note:* This form is not to be used when judgment by confession is entered by the prothonotary under the Act of February 24. 1806. See Rule 2951(a).

The confession of judgment utilized by appellee is as follows: [3]

[CAPTION]

## CONFESSION OF JUDGMENT

Pursuant to the terms of the Contractor's Bond executed by Penncrest Construction Corp., dated December 21, 1970, I Hereby confess Judgment in the amount of Two Hundred Fifty–Eight Thousand Seventy–five ($258,-075.00) Dollars.

HOPE, PORTNOFF & GRANT, LTD.

By s/ George C. Zumbano, Esq.

Comparing the form adopted by Rule 2962 with the one employed by appellee, appellants note several differences. Among other things, it is asserted that appellee's form is defective because it does not state that George C. Zumbano, Esq., or any other attorney, has appeared for the defendants (appellants) and confessed judgment against them and in favor of the plaintiff (appellee). Admittedly, the confession of judgment form utilized by appellee does lack the features noted by appellants. In our opinion, however, this absence does not warrant striking the judgment.

 Initially, it must be borne in mind that the contractor's bond which authorized [4] appellee to confess judgment was—pursuant to Rule 2952(b)—attached to the complaint. Thus when the complaint and its attached exhibit are read together with the confession of judgment form employed by appellee, it is plain that appellee's counsel (being an attorney of a court of record) had the authority to appear for appellants and confess judgment against them and in favor of appellee. Indeed appellants' petition to strike necessarily acknowledges the fact that judgment was entered against them and in favor of appellee. The crux of appellants'

3. Similar confessions of judgment were filed against each individual appellant.

4. See footnote 2 supra.

argument is that the confession of judgment form fails to state that Attorney Zumbano appears for them to confess judgment against them. That appellee's counsel had the authority and power to so act is not questioned. Both the contractor's bond and Rule 2955(b) confer this power upon him. Although older cases may be found which arguably support appellants' position, see e. g., *Lytle v. Colts*, 27 Pa. 193 (1856); *Jameson Piano Co. v. Earnest*, 66 Pa.Super. 586 (1917), those cases were decided prior to the present rules of civil procedure pertaining to the subject; and to apply them to the case at bar would, in our view, elevate form over substance. As has been stated in a similar context, "[N]o particular phraseology in confessing a judgment is required; it is the substance and not the form that is important." *Noonan, Inc. v. Hoff*, 350 Pa. 295, 299, 38 A.2d 53 (1944). In addition, Rule 2955(a) itself only requires that the confession of judgment be "substantially in the form provided by Rule 2962." In the absence of any contention or suggestion by appellants that they were in some manner prejudiced by appellee's failure to strictly comply with Rule 2962, we are not disposed to find the lower court in error for refusing to strike the judgment.

Notwithstanding the rules that warrants of attorney to confess judgment must be strictly construed, see 6A Standard Pennsylvania Practice §§ 157 and 180, we believe those principles are more properly applicable to basic and substantive questions (such as exceeding the scope of the warrant) as opposed to a technical irregularity which we perceive the error in this case to be. Moreover, the contractor's bond in this case contained a release of errors clause which, in relevant part, provides:

"OBLIGOR, and each OBLIGOR . . . does hereby waive and release all errors, defects and imperfections whatever in the entering of the said judgment or any process thereon, and hereby agrees that no writ of error or objections or motion or rule to open or strike off judgment or to stay execution or appeal shall be made or taken thereto and further agrees that the right and power to

appear and to enter or confess judgment hereinabove provided for and the right to assess damages under any such judgment shall be exercisable any number of times and shall not be exhausted by one or more uses thereof whether defective or otherwise . . ."

"[W]hile such release does not cure the defect of a lack of authority to confess the judgment, it does waive the right to attack mere irregularities apparent in the record." *West Penn S. & G. Co. v. Shippingport S. Co.*, 367 Pa. 218, 222, 80 A.2d 84 (1951) citing cases.

In sum, for all of the above reasons, we conclude that the court below did not err in declining to strike the judgment.

Order affirmed.