## Gross v. Eljo Products, Inc.

*Richard D. Solo*, for plaintiff.
*Hope A. Kaminsky*, for defendant.

SCHWARTZ, *J.*, June 24, 1981—This is an appeal from the court's refusal to strike a judgment entered by confession.

On December 31, 1969, Gross and Kowit, Inc., agents for Lewis H. Gross and Marvin Kowit, co-partners and lessors, entered into a lease agreement with Eljo Products, Inc., whereby Eljo leased a factory building in Pennsauken, New Jersey. By letter dated September 11, 1979, Eljo was notified that its lease with plaintiff was to terminate on December 31, 1979. On June 23, 1980, plaintiffs confessed judgment against Eljo Products, Inc., pursuant to a complaint in confession of judgment filed in the Court of Common Pleas of Philadelphia County. Basically, the complaint alleged that Eljo violated the terms of the lease by holding over at the expiration of the term and by failing to keep the property in repair.

Eljo Products, Inc., filed a petition to strike and/or open the judgment in which it asserted several alleged procedural defects and defenses. Since defendant's petition asserted facts which, if proven, constituted a meritorious defense of the action, the court granted defendant's petition to open the judgment. Eljo filed this appeal since the court did not strike the judgment and it raises three objections in support thereof:

1. That the praecipe filed by plaintiffs failed to contain an appearance for defendant;

2. That plaintiffs are improperly named; and

3. That the court lacks jurisdiction.

Eljo Products, Inc., first two arguments may be summarized together since they both involve defects which are de minimis. The first alleged defect appears on the face of the praecipe for confession of judgment. On the praecipe, Richard Solo, Esq. entered his appearance for plaintiffs pursuant to authority contained in the lease agreement. Counsel should have entered his appearance on behalf of defendant. The second alleged defect appears in

the first paragraph of the complaint, wherein plaintiffs are identified as a Pennsylvania co-partnership. The paragraph should have said Gross and Kowit, co-partners. Notwithstanding the rules that warrants of attorney to confess judgment must be strictly construed, the court believes that those principles are more properly applicable to basic and substantive questions as opposed to technical irregularities: Stein v. Penncrest Construction Corporation, 280 Pa. Superior Ct., 560, 421 A. 2d 1074 (1980). Since the court perceived the first two errors as technical irregularities, it did not strike the judgment.

In its third argument, Eljo Products, Inc., claims that Pennsylvania lacks jurisdiction since Eljo is a Delaware corporation with its place of business in New Jersey. In order to resolve the jurisdictional question, it is necessary to look at the lease entered into between the parties. The relevant portion of the lease may be stated as follows:

"If rent and/or any charges hereby reserved as rent shall remain unpaid on any day when the same ought to be paid, Lessee hereby empowers any Prothonotary, Clerk of Court, or attorney of any Court of Record to appear for lessee in any and all actions which may be brought for rent and/or the charges, payments, costs and expenses reserved as rent, or agreed to be paid by the Lessee and/or to sign for Lessee an agreement for entering in any competent Court an amicable action or actions for the recovery of rent or other charges, payments, costs, and expenses, and in said suits or in said amicable action or actions to confess judgment against Leesee for all or any part of the rent specified in this Lease and then unpaid . . ."

This warrant of attorney clause empowers any

attorney of any court in the state to appear and confess judgment. It contains no restrictions as to where judgment may be entered. Accordingly, defendant has consented by contract to bestow jurisdiction on this Pennsylvania Court.

For the foregoing reasons, this court denied Eljo Products, Inc.'s, petition to strike the judgment.