## Jay D. CRUM

### v.

### F.L. SHAFFER COMPANY, Fred L. Shaffer and Sheron R. Shaffer, Appellants.

Superior Court of Pennsylvania.

Argued March 4, 1997.

Filed April 25, 1997.

Guy P. Beneventano, Harrisburg, for appellants.

Kathleen C. Daley, Harrisburg, for appellee.

Before CIRILLO, President Judge Emeritus, and POPOVICH and HESTER, JJ.

CIRILLO, President Judge Emeritus:

F.L. Shaffer Company (the Company/Tenant), Fred L. Shaffer and Sheron R. Shaffer (the Shaffers or Appellants), appeal from the amended order, entered in the Court of Common Pleas of Dauphin County, granting in part and denying in part their petition to strike and/or open a confession of judgment, striking $7,065.00 from the judgment, and indexing the confession of judgment in the amount of $30,532.00. We reverse.

On April 1, 1990, Plaintiff/Appellee, Jay D. Crum, entered into a five-year commercial lease agreement with Appellants, whereby Crum leased approximately 3,200 square feet of office space to Appellants in a building located on Eisenhower Boulevard in Dauphin County. The lease agreement contained a confession of judgment clause and was signed by Crum and F.L. Shaffer Company. The Shaffers signed the document, in their personal capacities, as witnesses to and as guarantors of the performance and monies due under the lease by the Tenant/Company.

Pursuant to the lease, Appellants were required to pay $1,500.00 on the first of each month, with payments to commence on April 1, 1990 and end on March 31, 1995. On April 13, 1993, Crum filed a complaint in confession of judgment, in accordance with Pa.R.C.P. 2951(b), alleging that Appellants had defaulted on the lease by failing to pay rent and committing waste upon the premises.[1] In his complaint, Crum claimed damages and all amounts due under the lease which totalled $37,597.00, plus interest and costs.[2] On July 7, 1993, "pursuant to the authority contained in the warrant of attorney," the prothonotary of the Court of Common Pleas of Dauphin County entered judgment by confession

---

1. Pennsylvania Rule of Civil Procedure 2951 controls the method of proceeding for confession of judgments:

   (a)(1) Upon filing of the documents required by subparagraph (2), the prothonotary shall enter judgment by confession *on a note, bond or other instrument by confessing judgment or authorizing confession by an attorney at law or other person against the person who executed it in favor of the original holder* . . . .
   (2) The documents to be filed in support of the entry of judgment are
      (i) the instrument
      (ii) an affidavit that the judgment is not being entered by confession against a natural person in connection with a consumer credit transaction, and
      (iii) a certificate of residence of the plaintiff and of the defendant.

Pa.R.C.P. 2951(a)(1) & (2) (emphasis added). According to Pa.R.C.P. 2955:
   (a) In an action commenced by a complaint under Rule 2951(b), the plaintiff shall file with the complaint a confession of judgment substantially in the form provided by Rule 2962.
   (b) The attorney for the plaintiff may sign the confession as an attorney for the defendant unless an Act of Assembly or the instrument provides otherwise.
Finally, "[t]he prothonotary shall enter judgment in conformity with the confession." Pa.R.A.P. 2956.

2. These costs included: $7,500.00 in **overdue rent**; twenty-eight months of **rent which will owe** on the remainder of the lease term in an amount of $8,400.00 which includes a reduction of the price which Crum has been able to re-rent the premises for said remaining period under the

against the Appellants. After the entry of the judgment, the Appellants filed a petition to strike and/or open the judgment, attaching an answer and new matter. After the taking of depositions, the court denied appellant's petition.[3] On appeal, appellants raise the following issues for our review:

(1) Whether F.L. Shaffer Company knowingly waived its due process right to prejudgment notice and hearing?

(2) Whether the warrant of attorney in the lease bears a direct relation to the separate guaranty of the lease signed by the Shaffers as individuals?

(3) Whether the confessed judgment includes items for which the landlord has no authority to confess judgment?

(4) Whether the appellants have demonstrated the presence of believable evidence in support of meritorious defenses to the confessed judgment? [4]

A petition to open a confessed judgment is an appeal to this court's equitable powers. *Liazis v. Kosta, Inc.*, 421 Pa.Super. 502, 506, 618 A.2d 450, 452 (1992). On appeal from the denial of a petition to strike an order or judgment, a trial court will be reversed only if there is a manifest abuse of discretion or error of law. *Peoples Bank v. Dorsey*, 453 Pa.Super. 94, 683 A.2d 291 (1996). In order to meet this burden, the petitioner must act promptly, allege a meritorious defense, and provide sufficient evidence to create an issue for the jury. *Id. See* Pa.R.C.P. 2959(e). In determining whether sufficient evidence has been presented, we employ the same standard as in a directed verdict: "viewing all the evidence in the light most favorable to the petitioner and accepting as true all evidence and proper inferences therefrom supporting the defense

while rejecting adverse allegations of the party obtaining the judgment." *Suburban Mechanical Contractors, Inc. v. Leo*, 348 Pa.Super. 324, 327, 502 A.2d 230, 232 (1985) (citations omitted). Because we find that there was no valid entry of a confessed judgment in the present case, we must reverse the order of the trial court.

Where a proceeding to confess judgment is instituted by complaint, the complaint and confession of judgment clause must be read together to determine whether there are defects on the face of the record. *Parliament Indus. Inc. v. William H. Vaughan & Co., Inc.*, 501 Pa. 1, 459 A.2d 720 (1983). Furthermore, the determination of the validity of a judgment entered by confession rests upon a strict construction of the language of the warrant of attorney, and any doubt as to validity must be resolved against the party entering the judgment. *Scott Factors Inc. v. Hartley*, 425 Pa. 290, 228 A.2d 887 (1967); *Continental Bank v. Tuteur*, 303 Pa.Super. 489, 450 A.2d 32 (1982). "Because a warrant of attorney authorizing the confession of judgment can be an oppressive weapon, entry of a valid judgment by confession can only be accomplished if such entry is made in rigid adherence to the provisions of the warrant of attorney, which must be fully complied with; otherwise, such judgment will be stricken." *Scott Factors*, 425 Pa. at 291, 228 A.2d at 888.

Having acknowledged that Crum properly instituted this suit by filing a complaint in confession of judgment, we must examine the confession of judgment clause found in the parties' lease in order to ascertain whether the judgment was validly entered. The April lease contains the following clause authorizing the confession of judgment:

---

lease; **realtor commissions** expended by Crum in the amount of $2,688.00; **costs for the commission of waste** in the amount of $2,995.00; **legal fees** accrued by Crum for the instant matter in the amount of $3,237.00; **collection fees** in the amount of $3,237.00; and **additional rent** at the rate of 5% of the amount due for any payments made after the due date for a one-year period in the amount of $9,540.00.

3. We admonish the trial court for its failure to file an opinion in this case. If we had not reversed the decision of the trial court for the reasons stated *infra*, meaningful appellate review of the substantive issues raised on appeal would

have been substantially hindered. *See* Pa.R.A.P. 1925; *Commonwealth v. Pate*, 421 Pa.Super. 122, 617 A.2d 754 (1992) (rule requiring trial court opinion is designed to give appellate court a reasoned basis for the trial court's disposition of the challenged order).

4. The Company's main defense consists of allegations that Crum breached his Landlord duties under the lease by failing to keep the structural portions of the office building and paved surfaces around the building in good condition and repair.

The said Lease hereby confesses judgment for the rent reserved and all other costs and damages including fifteen (15%) percent legal fees, together with an attorney fee of fifteen (15%) percent for collection, and execution may be issued thereon from time to time for any rent due and other costs owing under this lease, and judgment in ejectment as herein provided may be entered concurrently therewith.

■ In order to have the judgment confessed by the court, the record evidences that Appellees' attorney, Kathleen C. Daley, executed a document entitled "Confession of Judgement" in favor of plaintiff (Appellees) and against Appellants.[5] *See* Pa.R.C.P. 2955 (in an action commenced by a complaint under Rule 2951(b), generally, the attorney for the plaintiff may sign the confession as attorney for the defendant). In order to execute such a document, however, the lease must contain a warrant of attorney provision authorizing the confession by the plaintiff's attorney. *See Germantown Sav. Bank v. Talacki,* 441 Pa.Super. 513, 657 A.2d 1285 (1995) (action based upon warrant of attorney clause contained in a guaranty agreement in action that was commenced by complaint to confess judgment); *Courtney v. Ryan Homes, Inc.,* 345 Pa.Super. 109, 497 A.2d 938 (1985) (plaintiff filed a complaint in confession of judgment and judgment confessed pursuant to the warrant of attorney contained in the note). Instantly, the lease executed between Crum and the Shaffers/Company does not contain any provision authorizing an attorney to confess judgment against the Appellants and in favor of Crum. *Cf. Germantown Sav. Bank,* 441 Pa.Super. at 518, 657 A.2d at 1288 ("Each Guarantor hereby **irrevocably authorizes and empowers any attorney of record** ... to appear for such Guarantor in any such court ... **to confess or enter judgment** against such Guarantor in favor of Bank for the full amount of the Guaranteed Obligations, as evidenced by an affidavit signed by a duly

authorized designee of Bank ....") (emphasis added); *Manor Bldg. Corp. v. Manor Complex Associates,* 435 Pa.Super. 246, 255, 645 A.2d 843, 847 (1994) *(en banc)* ("Upon the occurrence of a default hereunder [this security agreement], ... the Mortgagor hereby **irrevocably authorizes and empowers any attorney of record,** ... to appear for the Mortgagor in any such court at any time ... **to confess or enter judgment** against the Mortgagor for the full amount of the indebtedness secured hereby ....") (emphasis added).

■ The paragraph of the lease, which we believe was intended to be a warrant of attorney, reads as follows:

At the end of the said term, whether the same shall be determined by forfeiture or expiration of the term, or upon the breach of any of the conditions of this lease, **it is agreed that an amicable action of ejectment may be entered in the Court of Common Pleas of Dauphin County, in which the Landlord [Crum], ... shall be Plaintiff and the Tenants [Appellants] ... shall be defendants, that judgment may be entered thereupon in favor of the plaintiffs, without lease [sic] of court, for the premises above described to have the same force and effect as if a summons in ejectment had been regularly issued,** legally served and return[ed] and that writs of habere facias possessionem with clause of fi. fa. for all costs, may be issued forthwith, waiving all errors and defects whatsoever in entering said judgment, also waiving right of appeal, writ of error, or stay upon any writ of habere facias possessionem which may issue upon the same.

This lease provision not only omits the necessary language authorizing that a *confessed* judgment may be entered in the trial court, but it also fails to state that **"any attorney of record is irrevocably authorized or empowered to confess or enter judgment"** against Appellants. *Cf. Manor Bldg. Corp.,*

---

5. In the original record, the trial court's "notes" state:

*July 7, 1993* On Complaint filed Judgement [sic] in favor of Plaintiff and against Defendant in the sum of *Thirty seven thousand five hundred ninety seven 00/100* Dollars ($37,597.00) **by virtue of authority contained in the War-**rant of Attorney filed dated *March 29, 1990* payable *monthly installments* with interest, costs, etc. *15%* for colt'n [sic]. Inquisition and Exemption Waived.
Entered *7–7 1993* at 2:42 PM
Stephen E. Farina, Prothonotary
Emphasis added.

*supra; Germantown Sav. Bank, supra; Courtney, supra.* By authorizing the confession of judgment by warrant of attorney where the lease contained no clause sanctioning such procedure, the trial court committed an abuse of discretion and error of law. *Peoples Bank, supra; Citizens National Bank v. Rose Hill Cemetery Assoc'n,* 218 Pa.Super. 366, 281 A.2d 73 (1971) (all proceedings in the confession of judgment must be within the strict letter of the warrant of attorney). *Cf. Stein v. Penncrest Constr. Corp.,* 280 Pa.Super. 560, 421 A.2d 1074 (1980) (where confession of judgment clause attached to complaint plainly showed that appellee's counsel had the authority to appear for appellants and confess judgment against them and in favor of appellee, court properly refused to strike judgment for mere irregularity in form of confession); *see also* Pa.R.C.P. 2974 (confession of judgment form).

We acknowledge that when a complaint and confession of judgment are substantially in the form required by our rules of civil procedure, our court has overlooked any minor procedural defects or irregularities in the proceeding that are apparent in the record. *Courtney,* 345 Pa.Super. at 115, 497 A.2d at 941. We will not, however, overlook or sanction instances where the defect relates to the lack of authority to confess a judgment. *Id; Cf. Germantown Sav. Bank,* 441 Pa.Super. at 520, 657 A.2d at 1289 (parties bound by provision in guaranty where "[t]he warrant of attorney ... appeared as a separately numbered paragraph within the body of the Guaranty, [w]as printed in the same size type in the rest of the text, [and] was not a finely printed clause on the unsigned reverse side of the document."). "The given authority [in the warrant of attorney must] be exercised in the exact manner agreed upon by the parties. *Scott Factors,* 425 Pa. at 291, 228 A.2d at 888.

In *Scott Factors, Inc. v. Hartley,* 425 Pa. 290, 228 A.2d 887 (1967), our supreme court struck a confessed judgment when entry of the judgment was not in accordance with the provisions of a warrant of attorney. In *Scott Factors,* the parties entered into an agreement containing the following warrant of attorney provision:

> Should [Appellant] default in any of the terms, herein, [Appellant] hereby **empow-**ers **any attorney of any court of record** to appear for [Appellant] and confess judgment. . . .

When a representative of the Appellee "who was not an attorney of any court of record" entered a judgment by confession against Appellant, pursuant to the warrant of attorney clause, the court struck the judgment, stating "[t]he entry of a valid judgment by confession can only be accomplished if such entry is accomplished in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken." *Id.* at 291, 228 A.2d at 888.

"[O]ur courts have been strict in passing upon the validity of [confessed] judgments ... entered [upon the authority of a warrant of attorney]." *Id. See also Dollar Bank v. Northwood Cheese Co., Inc.,* 431 Pa.Super. 541, 637 A.2d 309 (1994) (a warrant of attorney to confess judgment **must be explicit and will be strictly construed,** with any ambiguities resolved against the party in whose favor the warrant is given). In *Shidemantle v. Dyer,* 421 Pa. 56, 218 A.2d 810 (1966), our state supreme court reiterated a well established rule regarding the importance of executing a proper warrant of attorney in cases of confessed judgments:

> The rule to be deduced ... is that a warrant of attorney to confess judgment must be self-sustaining; ... **the warrant must be in writing and signed by the person to be bound by it; and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant.**

*Id.* at 58, 218 A.2d at 811 (emphasis added) (citing *Frantz Tractor Co., Inc. v. Wyoming Valley Nursery,* 384 Pa. 213, 120 A.2d 303 (1956)).

Strictly construing the parties' agreement, we conclude that the Appellants never agreed to be bound by an attorney's entry of a confessed judgment. *Shidemantle, supra; see also Continental Bank,* 303 Pa.Super. at 494, 450 A.2d at 35 (a warrant of attorney "constitutes a grant of authority by one contracting party to the other."). Appellants did not voluntarily accept and consciously assume the authorization of and consequences

of a confessed judgment pursuant to a warrant of attorney. *See Cutler Corp. v. Latshaw*, 374 Pa. 1, 3, 97 A.2d 234, 236 (1953) (the "law ... jealousy insists on proof" that the signing of a warrant of attorney is voluntarily accepted and consciously assumed); *Frantz Tractor Co.*, 384 Pa. at 215, 120 A.2d at 305 (1956) ("[A] warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference."). As a result, the parties' lease contains defects that substantially relate to the lack of authority to have an attorney confess judgment against Appellants. *Courtney, supra.* Because a confessed judgment cannot stand if it exceeds the power conferred in the instrument authorizing its entry, the judgment was invalid and should have been stricken. We must reverse the trial court order denying appellants' petition. *Scott Factors, supra.*[6]

Order reversed.

---

**6.** Because we conclude that there was never a valid judgment confessed and entered against Appellants, we need not address the substantive arguments raised by this appeal.