J-S28014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PANKAJ PATEL | : | |
| | : | No. 2903 EDA 2023 |
| Appellant | : | |

Appeal from the Order Entered October 13, 2023
In the Court of Common Pleas of Bucks County
Civil Division at No:  2022-04492

BEFORE:  STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 18, 2025**

Appellant, Pankaj Patel ("Patel"), appeals from an order denying his petition to strike or open a judgment by confession in the amount of $1,242,821.50 entered in favor of Wilmington Savings Fund Society, FSB.  We affirm.

On August 4, 2015, The Bryn Mawr Trust Company[1] extended a commercial construction loan to Willington Equities LLC ("Borrower"), as borrower, in the principal amount of $1,370,000.00, evidenced by a construction loan agreement and a promissory note bearing the same date. Patel executed the loan agreement and note in his capacity as a member of Borrower.  The loan was secured by an open-end construction mortgage and

---

[1] Effective January 1, 2022, the Bryn Mawr Trust Company merged with Wilmington Savings Fund Society, the appellee in this appeal.  We refer collectively to the Bryn Mawr Trust Company and Wilmington Savings Fund Society as "Lender".

security agreement granted by Borrower to Lender on real properties located at 1702 and 1704 Cecil B. Moore Avenue in Philadelphia. The note included a confession of judgment clause[2] that provided in capital letters:

> CONFESSION OF JUDGMENT. BORROWER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR BORROWER AFTER THE AMOUNTS HEREUNDER BECOME DUE AND WITH OR WITHOUT COMPLAINT FILED, CONFESS OR ENTER JUDGMENT AGAINST BORROWER FOR THE ENTIRE PRINCIPAL BALANCE OF THIS NOTE AND ALL ACCRUED INTEREST, LATE CHARGES AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THIS NOTE, TOGETHER WITH COSTS OF SUIT, AND A REASONABLE ATTORNEY'S COMMISSION FEE FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN FIVE THOUSAND DOLLARS ($5,000.00) ON WHICH JUDGMENT OR JUDGMENTS ONE OR MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THIS NOTE OR A COPY OF THIS NOTE VERIFIES BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED IN THIS NOTE TO CONFESS JUDGMENT AGAINST BORROWER SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS NOTE. BORROWER HEREBY WAIVES ANY RIGHT BORROWER MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT AND STATES THAT EITHER A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO BORROWER'S ATTENTION OR BORROWER HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL.

Commercial Guaranty, 8/4/15, at 4.

The loan also was secured by a guaranty signed by Patel in his individual capacity in which he agreed unconditionally to guarantee the full payment,

_____

[2] Also known as a "warrant of attorney" or "cognovit clause."

performance and satisfaction of the loan.  The guaranty included a warrant of attorney for confession of judgment that provided in capital letters:

> CONFESSION OF JUDGMENT.  GUARANTOR HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR GUARANTOR AFTER THE AMOUNTS HEREUNDER BECOME DUE AND WITH OR WITHOUT COMPLAINT FILED, CONFESS OR ENTER JUDGMENT AGAINST GUARANTOR FOR THE ENTIRE PRINCIPAL BALANCE OF THIS GUARANTY AND ALL ACCRUED INTEREST, LATE CHARGES AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THE INDEBTEDNESS, TOGETHER WITH COSTS OF SUIT, AND A REASONABLE ATTORNEY'S COMMISSION FEE FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN FIVE THOUSAND DOLLARS ($5,000.00) ON WHICH JUDGMENT OR JUDGMENTS ONE OR MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THIS GUARANTY OR A COPY OF THIS GUARANTY VERIFIES BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT.  THE AUTHORITY GRANTED IN THIS GUARANTY TO CONFESS JUDGMENT AGAINST GUARANTOR SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS GUARANTY.  GUARANTOR HEREBY WAIVES ANY RIGHT GUARANTOR MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT AND STATES THAT EITHER A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO GUARANTOR'S ATTENTION OR GUARANTOR HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL.

Commercial Guaranty, 8/4/15, at 4.  Patel signed the guaranty on the same page as the confession of judgment clause.

On the same date, Patel signed a separate form of disclosure for confession of judgment that stated he understood the guaranty contained a

confession of judgment provision that would permit Lender to enter judgment against him after a default on the guaranty.

Six years later, on September 17, 2021, Borrower and Lender executed an amendment to the note that extended the loan's maturity date to June 30, 2022 and modified the note's payment and prepayment penalty paragraphs.[3] The amendment to the note incorporated by reference and ratified the terms of the original loan documents, including the note, and reaffirmed the confession of judgment clause in the original loan documents. The amendment to the note provided in relevant part:

> THIS AMENDMENT TO NOTE ("Amendment") is entered into this 17th day of September, 2021, by and among WILLINGTON EQUITIES LLC, a Pennsylvania limited liability company (the "Borrower") and THE BRYN MAWR TRUST COMPANY, a state chartered bank and trust company (the "Lender").
>
> **WITNESSETH**:
>
> A. The Borrower and the Lender entered into that certain Promissory Note dated August 4, 2015, as amended, restated or modified from time to time, which Lender agreed to provide a loan

_____

[3] The payment schedule in the original note required "interest only" payments at a variable rate during the first twelve months and "principal and interest" for payments after the first year under a formula prescribed in the note. The payment schedule in the Amendment To Note required nine payments of $7,711.33 and one irregular last payment of all principal and all accrued interest not yet paid.

The prepayment penalty in the original note was four percent of the outstanding balance of the loan for the first twelve and reduced rates for succeeding twelve-month intervals with no penalty for prepayments during months 46 through 48. The prepayment penalty in the Amendment To Note was one percent of the outstanding balance with no penalty for prepayments within ninety days of the maturity date.

to the Borrower in the original principal amount of One Million Three Hundred Seventy Thousand and 00/100 Dollars ($1,370,000.00) (the "Note"). The Note and any and all other documents executed from time to time in connection therewith, as the same may be amended, are collectively referred to as, the "Loan Documents".

B. Borrower has requested that Lender extend the maturity date of the Loan, and Lender has agreed to do so in accordance with the terms and conditions set forth herein.

\* \* \*

1. Amendment to Note. The following provision(s) of the Note are hereby amended and modified as follows:

(a)     Effective as of July 31, 2021, the maturity date of the Note is hereby extended from July 31, 2021 to June 30, 2022. The Borrower has paid all principal and interest due through September 2, 2021.

\* \* \*

3. Loan Documents. All Loan Documents shall secure payment of all principal, interest, late charges and any other sums due under the Note as modified by this Amendment. All Loan Documents referred [to] herein and the entire content[s] thereof are hereby fully incorporated herein by this reference.

\* \* \*

5. Ratification of Loan Documents. Except to the extent expressly modified or amended herein, all terms, conditions, covenants, representations, warranties and all other contents of the Note and all other Loan Documents (including, without limitation, the events of default and the remedies of the Lender contained therein) are hereby fully incorporated herein by this reference as though set forth herein at length and shall remain in full force and effect and shall continue to be fully enforceable as long as any sum due, or to become due, under the Loan and/or any of the Loan Documents remains outstanding.

\* \* \*

14. Confession of Judgment. Borrower specifically acknowledges, agrees to and does hereby reaffirm the warrant of attorney to confess judgment against the Borrower contained in the Loan Documents.

**THE BORROWER EXPRESSLY ACKNOWLEDGES THAT: (i) THE BORROWER HAS BEEN REPRESENTED BY LEGAL COUNSEL IN CONNECTION WITH THIS TRANSACTION; AND (ii) IN THE EVENT LENDER EXERCISES THE WARRANT OF ATTORNEY GRANTED HEREIN SUCH ACTION MAY BE ADVERSE TO BORROWER'S INTERESTS.  BORROWER HEREBY EXPRESSLY WAIVES THE DUTIES THAT MAY BE IMPOSED UPON LENDER PURSUANT TO 20 PA.C.S. § 5601.3(b) IN EXERCISING ITS RIGHTS HEREUNDER.**

15. Acknowledgement of Waiver of Rights. The Borrower hereby acknowledges and agrees that by agreeing that the Lender may confess judgment hereunder, Borrower waives any rights Borrower may have, including without limitation, the right to notice of any constitutional or other right Borrower may have to a prior judicial proceeding to determine Borrower's rights and liabilities hereunder, and the Borrower further acknowledges and agrees that the Lender, upon a default hereunder, may obtain a judgment against the Borrower without Borrower's prior knowledge or consent and without the Borrower's opportunity to raise any defense, setoff, counterclaim or other claim the Borrower may have, and the Borrower hereby expressly waives such rights as an explicit and material part of Borrower's consideration for the Loan as amended by this Amendment.  No single exercise of the foregoing warrant and power to confess judgment is deemed to exhaust the power, whether or not any such exercise is held by any court to be invalid, voidable or void, but the power shall continue undiminished and may be exercised from time to time as often as the Lender elects until all indebtedness has been paid in full. The Lender may, in its sole discretion, exercise the authority contained herein against the Borrower at any time or times or at different times.

Amendment to note, 9/17/21, at ¶¶ 3, 5, 14-15 (emphasis and capitalization in original).  Patel signed the amendment to the note in his capacity as a member of Borrower.

In addition, Patel and another individual, Nirmal Patel, each signed a one-page consent of guarantor in their individual capacities. The consent of guarantor form provided in relevant part:

> Each of the undersigned guarantors ... consents to the provisions of the foregoing Amendment (the "Amendment") and all prior amendments (if any) and confirms and agrees that (a) the Guarantor's obligations under its Commercial Guaranty dated August 4, 2015..., shall be unimpaired by the Amendment; (b) the Guarantor has no defenses, set offs, counterclaims, discounts or charges of any kind against the Lender, its officers, directors, employees, agents or attorneys with respect to the Guaranty; and (c) all the terms, conditions and covenants in the Guaranty remain unaltered and in full force and effect and are hereby ratified and confirmed and apply to the Obligations, as modified by the Amendment. The Guarantor certifies that all representations and warranties made in the Guaranty are true and correct.
>
> \*     \*     \*
>
> **The Guarantor ratifies and confirms the indemnification, confession of judgment (if applicable) and waiver of jury trial provisions contained in the Guaranty.**
>
> WITNESS the due execution of this Consent as a document under seal as of the date of the Amendment, intending to be legally bound hereby.

Consent of Guarantor (emphasis in original).

Borrower failed to make the final payment due on June 30, 2022, under the terms of the amendment to the note. On August 16, 2022, Lender gave written notice to Borrower, as borrower, and to Patel, as guarantor, of the default and demanded immediate payment in full.

On September 9, 2022, Lender filed a complaint in confession of judgment against Patel in connection with his default under the amendment

to the note. On the same date, judgment was entered against Patel in the amount of $1,242,821.50 plus continuing interest and costs and fees until paid in full. Patel filed a petition to open or strike confessed judgment. On October 13, 2023, the court denied Patel's petition. On Monday, November 13, 2023, Patel filed a timely notice of appeal. Both Patel and the trial court complied with Pa.R.A.P. 1925.

Patel raises two issues in this appeal, which we re-order for the sake of convenience:

> 1. Was it an abuse of discretion and error of law for the trial court to deny the Petition to Strike the Confessed Judgement because said judgment should have been stricken because the record demonstrated that the underlying Note containing the original warrant of attorney to confess judgment was materially amended on September 17, 2021, per a contract styled as an "Amendment to the Note," which did not expressly incorporate the warrant of attorney to confess judgment or contain its own warrant of attorney to confess judgment. Said Amendment to the Note materially changed the Note because said amendment (1) modified the Note's prepayment penalty; (2) modified the payment structure of the Note; and (3) changed the Maturity Date under the Note? ***Reinvestment Fund, Inc v. Brewery Park Assocs. L.P.***, 2011 Phila. Ct. Com. Pl. LEXIS 283.[4]
>
> 2. Was it an abuse of discretion and error of law for the trial court to deny the Petition to Open the Confessed Judgment because said judgment should have been opened because the underlying Note containing the original warrant of attorney to confess judgment was materially amended on September 17, 2021, per a contract styled as an "Amendment to the Note," which did not expressly incorporate the warrant of attorney to confess judgment or

---

[4] Based on the form of this citation, the ***Reinvestment Fund*** opinion appears to be a trial court opinion. We cannot locate this opinion on Westlaw, and Patel has not appended a copy of this opinion to his brief or explained its relevance in his brief. Accordingly, this case does not help his argument.

- 8 -

contain its own warrant to attorney to confess judgment. Said Amendment to the Note materially changed the Note because said amendment (1) modified the Note's prepayment penalty; (2) modified the payment structure of the Note; and (3) changed the Maturity Date under the Note. Evidence outside the record showing the judgment must be opened was the payment history of the Note, actions taken by the parties took after the Note was modified tending to show the Note was materially modified and additional loan documents not attached to the Complaint but referenced in the Note and Amendment to the Note? ***Reinvestment Fund, Inc v. Brewery Park Assocs. L.P.***, 2011 Phila. Ct. Com. Pl. LEXIS 283.

Patel's Brief at 4.

We first address Patel's argument that the court erred by denying his petition to strike the judgment. A petition to strike a judgment operates as a demurrer to the record and may be granted only for a fatal defect or irregularity appearing on the face of the record when the judgment was entered. ***Stoltzfus v. Green Line Labs, LLC***, 303 A.3d 447, 452-53 (Pa. Super. 2023). Entry of a valid judgment by confession must be "made in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken." ***Dollar Bank, Federal Sav. Bank v. Northwood Cheese Co., Inc.***, 637 A.2d 309, 311 (Pa. Super. 1994). When, as here, the plaintiff institutes the confession of judgment action via complaint, the court must read the complaint and confession of judgment clause together to determine whether there exists a defect on the face of the record. ***Dime Bank v. Andrews***, 115 A.3d 358, 364 (Pa. Super. 2007).

Courts must scrutinize confessed judgments for defects because of the drastic nature of the remedy authorized by a warrant of attorney to confess

judgment. ***See Cutler Corp. v. Latshaw***, 97 A.2d 234, 236 (Pa. 1953). "A warrant of attorney authorizing judgment is perhaps the most powerful and drastic document known to civil law and equivalent to a warrior of old entering a combat by discarding his shield and breaking his sword. ***Id.*** For this reason, Pennsylvania courts require that a warrant of attorney both be explicit and strictly construed. "A warrant of attorney to confess judgment must be self-sustaining; the warrant must be in writing and signed by the person to be bound by it; and the requisite signature must bear a direct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant." ***Shidemantle v. Dyer***, 218 A.2d 810, 811 (Pa. 1966).[5]

As our Supreme Court held in ***L.B. Foster Co. v. Tri−W Constr. Co.***, 186 A.2d 18 (Pa. 1962),

> A general reference in the body of an executed lease to terms and conditions to be found outside the agreement is insufficient to bind the lessee to a warrant of attorney not contained in the body of the lease unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is

---

[5] For a recent decision in which this Court held that a judgment by confession must be stricken because the defendant's signature did not bear a sufficient relation to the warrant of attorney, ***see Heritage Hills Associates, L.P. v. Heritage Hills Business I, LLC***, —A.3d—, 2024 WL 5151192, *4 (Pa. Super., Dec. 18, 2024) (reversing order denying petition to strike confessed judgment where there was no direct relation between warrant of attorney in original note and signatures by defendant's representative at end of amendment to note; while original note had warrant of attorney, amended note and management agreement between the parties did not expressly refer to warrant of attorney in original note but merely confirmed by reference the terms of original note without specific reference to warrant).

not to be foisted upon anyone by implication or by general and nonspecific reference.

*Id.* at 19-20. There should be no doubt that the borrower signed the warrant and that he was conscious of the fact he was conferring a warrant upon the lender or lessor to confess judgment in the event of a breach. ***Ferrick v. Bianchini***, 69 A.3d 642, 651 (Pa. Super. 2013).

The present case is similar to ***Ferrick***, in which we held that the trial court properly denied the defendants' motion to strike a confessed judgment. In ***Ferrick***, Edward Bianchini entered a ten-year commercial lease (referenced in our opinion as the "net lease") that included a confession of judgment clause. Bianchini later assigned the net lease to SAB, LLC but remained liable under the net lease as a guarantor. Both the assignment and the guaranty contained warrants of attorney, and Bianchini signed these documents both in his individual capacity and as a member of SAB. Bianchini also signed or initialed the warrants of attorney in the original net lease, assignment and guaranty. One year later, the net lease was amended to reduce monthly rent for the next 48 consecutive months. The second page of the amendment provided, "[T]he confession of judgment provisions contained in both the Net Lease Agreement and the Assignment and Assumption of Net Lease Agreement are hereby republished and both [Bianchini] and [SAB] agree to be bound thereby in accordance with the terms thereof." On the third page of the three-page amendment, Bianchini signed the amendment on behalf of SAB and himself. SAB and Bianchini defaulted on rental and other obligations,

- 11 -

and the landlord confessed judgment against SAB and Bianchini for past due rent, accelerated rent and fees. SAB and Bianchini filed a petition to strike and/or open the confessed judgment, which the trial court denied.

This Court held that the confession of judgment clause from the original lease was properly incorporated into the amendment to the lease and was binding on Bianchini and SAB. We reasoned:

> While the amendment herein does not restate the cognovit clause in its entirety, it does much more than generally incorporate the terms of the original lease. The amendment herein states that, 'the confession of judgment provisions contained in the both the Net Lease Agreement and the Assignment and Assumption of Net Lease Agreement are hereby republished and both Tenant and Assignee agree to be bound thereby in accordance with the terms thereof.' ... Edward Bianchini initialed or signed the conspicuous confession of judgment clause in the lease, the assignment, and the guaranty, and then executed each of those documents. Finally, he signed the amendment, which not only incorporated the terms of the original lease, assignment and guaranty generally, but specifically republished the terms of the confession of judgment and clearly stated the parties' intent that it continue in effect. Mr. Bianchini's signature on behalf of the assignee and himself appears on page three of the three-page Amendment, immediately following the language confirming the parties' intention to be bound by the confession of judgment.

*Id.*, 69 A.3d at 652. We found this "not [to be] a case where the warrant was foisted upon anyone by implication or by general and nonspecific reference."

*Id.* Thus, although the lease amendment did not contain an explicit confession of judgment clause, the amendment clearly indicated the parties' intent to maintain the validity of the confession of judgment clause contained in the original lease.

Like the amendment to the lease in **_Ferrick_**, the consent of guarantor form herein did not contain an explicit confession of judgment clause. This fact, however, did not require the court to strike the judgment against Patel. Patel's course of conduct was much like Bianchini's in **_Ferrick_**. Patel signed a series of documents that either included confession of judgment clauses or reaffirmed Lender's right to confess judgment. In 2015, Patel signed a promissory note on behalf of Borrower and signed a guaranty in his individual capacity that contained conspicuous confession of judgment clauses. Patel also signed a disclosure form that stated he understood the guaranty contained a confession of judgment provision that would permit Lender to enter judgment against him after a default on the guaranty. In 2021, Patel signed an amendment to the note on behalf of Borrower. While the amendment did not restate the confession of judgment clause in its entirety, it did much more than generally incorporate the terms of the original note. It expressly "acknowledged], agree[d] to and . . . reaffirm[ed] the warrant of attorney to confess judgment against the Borrower contained in the Loan Documents." Amendment To Note at ¶ 14. In addition, Patel signed a consent of guarantor in his individual capacity that (1) consented and agreed to the amendment to the note, (2) agreed that all terms of the original guaranty remained in effect, and (3) expressly ratified and confirmed the confession of judgment clause in the original guaranty. Consent of Guarantor ("**Guarantor ratifies and confirms the indemnification, confession of judgment (if**

**applicable) and waiver of jury trial provisions contained in the Guaranty"**) (emphasis in original).

This course of conduct shows, in the words of ***Ferrick***, that "this is not a case where the [confession of judgment clause] was foisted upon [Patel] by implication or by general and nonspecific reference." ***Id.***, 69 A.3d at 652. Patel clearly was conscious of the fact that he conferred a warrant upon Lender in the consent to guarantor form to confess judgment in the event of a breach.

Patel's brief fails to mention the fact that his consent to guarantor form had limiting language—specifically, Patel ratified and confirmed the confession of judgment clause in the guaranty "if applicable." Had Patel mentioned this detail, it would not have helped his cause, since the confession of judgment clause clearly is applicable to this case. The guaranty provides that Patel guarantees the full payment, performance and satisfaction of the loan. ***See*** Guaranty (paragraph entitled "Continuing Guarantee Of Payment And Performance"). The confession of judgment clause in the guaranty authorized Lender to "appear at any time for [Patel] **after the amounts hereunder become due and with** or without **complaint filed**, confess or enter judgment against [Patel] for the entire principal balance of this guaranty" as well as accrued interest, late charges and attorney fees. Guaranty (confession of judgment clause) (emphasis added). In accordance with the confession of judgment clause, Lender filed a complaint (1) alleging that Patel and Borrower defaulted on their obligations under the loan by failing to make a payment

due on June 30, 2022, and (2) demanding payment of all outstanding principal plus interest, late fees and legal fees. Complaint at 9, 17-18. These facts establish that the confession of judgment clause was applicable to this case.

Next, Patel contends that the trial court erred in denying his petition to open judgment. We disagree.

The Rules of Civil Procedure provide that a judgment by confession may be opened only "if evidence is produced which in a jury trial would require the issues to be submitted to the jury." Pa.R.Civ.P. 2959(e). A petition to open a confessed judgment "is an appeal to the equitable powers of the court. As such, it is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of discretion." *PNC Bank v. Kerr*, 802 A.2d 634, 638 (Pa. Super. 2002). A confessed judgment will be opened only when the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence of that defense to raise a jury question. *Id.*

According to Patel, the amendment to the note significantly altered the terms of the original note, and therefore the amendment should have contained (but did not) either an independent confession of judgment clause or a more specific reference to the confession of judgment clause appearing in the guaranty. Patel asserts that Lender is estopped from confessing judgment against him because Lender failed to insist upon including a confession of judgment clause in the amendment to the note. This argument fails because, as discussed above, Patel's course of conduct shows that he was

conscious of the fact that Lender was entitled to confess judgment in the event of a breach. As the signator to the amendment to the note, Patel knew that paragraph 14 of the amendment expressly incorporated the confession of judgment clause within the original note. Moreover, as the signator to the consent of guarantor form, Patel (1) expressly consented to all amendments in the amendment to the note, (2) agreed that all terms of his original guaranty remained in effect, and (3) in particular, expressly ratified and confirmed the confession of judgment clause in the original guaranty. This course of conduct shows that "this is not a case where the [confession of judgment clause] was foisted upon [Patel] by implication or by general and nonspecific reference." **Ferrick**, 69 A.3d at 652. Under these circumstances, we decline to hold that the trial court abused its discretion by denying Patel's petition to open judgment.

Accordingly, we affirm the order denying relief to Patel.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/18/2025

- 16 -